# EXHIBIT A

**CIVIL ACTION COVER SHEET**

DOCKET NUMBER

**Trial Court of Massachusetts**
**The Superior Court**

COUNTY: Middlesex

PLAINTIFF(S): YURY RINSKY

ADDRESS: 7 CONANT ROAD, WINCHESTER, MA

DEFENDANT(S): CUSHMAN & WAKEFIELD NATIONAL CORPORATION

ATTORNEY: MARK D. SZAL

ADDRESS: SZAL LAW GROUP LLC, 589 TREMONT STREET, BOSTON, MA

ADDRESS: 225 FRANKLIN STREET, SUITE 300, BOSTON, MA

BBO:

**TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B99 | Employment Discrimination/Misrepresentation | F | ☒ YES ☐ NO |

*If "Other" please describe:

**STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A**

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ........ $
2. Total doctor expenses ........ $
3. Total chiropractic expenses ........ $
4. Total physical therapy expenses ........ $
5. Total other expenses (describe below) ........ $
$
Subtotal (A): $

B. Documented lost wages and compensation to date ........ $
C. Documented property damages to dated ........ $
D. Reasonably anticipated future medical and hospital expenses ........ $
E. Reasonably anticipated lost wages ........ $
F. Other documented items of damages (describe below) ........ $

G. Briefly describe plaintiff's injury, including the nature and extent of injury:

TOTAL (A-F):$ 25,000+

**CONTRACT CLAIMS**
(attach additional sheets as necessary)

Provide a detailed description of claims(s):

TOTAL: $

**Signature of Attorney/Pro Se Plaintiff:** X [signature]

Date: 1-15-16

**RELATED ACTIONS:** Please provide the case number, case name, and county of any related actions pending in the Superior Court.

**CERTIFICATION PURSUANT TO SJC RULE 1:18**

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

**Signature of Attorney of Record:** X [signature]

Date: 1-15-16

TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED: — TORT — MOTOR VEHICLE TORT — CONTRACT — EQUITABLE RELIEF — OTHER

**COMMONWEALTH OF MASSACHUSETTS**

SUPERIOR COURT DEPARTMENT OF THE TRIAL COURT CIVIL ACTION
No. 1681CV00133

MIDDLESEX, ss

YURY RINSKY, Plaintiff(s)

v.

CUSHMAN & WAKEFIELD NATIONAL CORPORATION, Defendant(s)

## SUMMONS

To the above-named Defendant:

You are hereby summoned and required to serve upon MARK D. SZAL plaintiff's attorney, whose address is 589 TREMONT STREET, SUITE 4, BOSTON, MA 02118, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Woburn either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, **Judith Fabricant**, Esquire, at Woburn the 19th day of January, in the year of our Lord 2016.

[signature]
Clerk

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

**PROOF OF SERVICE OF PROCESS**

I hereby certify and return that on ..........................................................................................
20........., I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5)):

..........................................................................................................................................

..........................................................................................................................................

..........................................................................................................................................

..........................................................................

Dated: ..........................................................................................., 20.........

**N.B. TO PROCESS SERVER:**
**PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.**

( ______________________________ )
( ..............................................., 20.......... )
( ______________________________ )

**COMMONWEALTH OF MASSACHUSETTS**

MIDDLESEX ..........., ss.

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION

No.

.................................................., Plff.

v.

.................................................., Deft.

SUMMONS
(Mass. R. Civ. P. 4)

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS.

SUPERIOR COURT
CIVIL ACTION
NO. ______________

YURY RINSKY,

Plaintiff,

v.

CUSHMAN & WAKEFIELD NATIONAL CORPORATION,

Defendant.

## COMPLAINT

### PARTIES

1. Yury Rinsky ("Plaintiff") is an individual residing at 7 Conant Road, Apartment 9, Winchester, Massachusetts.

2. Cushman & Wakefield National Corporation (the "Company") is a foreign corporation, registered to do business in the Commonwealth of Massachusetts, with a principal place of business at 1290 Avenue of the Americas, New York, New York and a local address of 225 Franklin Street, Suite 300, Boston, Massachusetts.

### JURISDICTION AND VENUE

3. The Court has jurisdiction over the Company pursuant to G.L. c. 223A, § 3.

4. Venue is proper because Plaintiff lives in Middlesex County.

### FACTS

5. Plaintiff was hired by the Company in June of 1988 as a Senior Systems Analyst and worked in that role for approximately 10 years.

6. In 1998 Plaintiff was promoted to Project Manager.

7. In 2009, the Company's Information Technology management was completely replaced, and during this time Plaintiff's position was changed to Software Engineer II.

8. Plaintiff viewed this change to be a demotion despite the fact that his salary stayed the same.

9. During his tenure, Plaintiff played a key role in the development of various projects for the Company's core business system (Legacy), reporting to Managing Director Colin Reid ("Mr. Reid").

10. Among other things, Plaintiff was responsible for conceptual design, detail design, development, testing, implementation, post-implementation maintenance and support of business software for the Legacy system. The software is used in all Company offices in the United States and Mexico.

11. Plaintiff generally worked directly with users with little or no supervision, completing most projects either on his own or with a small group of independent consultants under his supervision.

12. Plaintiff's annual reviews were always "very good" or "meeting expectations"; for most years, he received a rating of "expert" or "exceeds expectations."

13. Plaintiff has experienced health issues recently that were known to the Company.

14. Specifically, Plaintiff discussed his treatment for lymphoma t and the schedule of his treatment with Mr. Reid.

15. In 2013, Plaintiff was hospitalized for two weeks with pneumonia and underwent treatment for recurrent lymphoma.

16. During these times, Plaintiff worked remotely when he was not able to be in the office and tried to take off as little time as possible.

17. Upon returning to work from lymphoma treatment, Plaintiff was told by Mr. Reid that the Company would not keep him employed if he took more time off for something similar soon.

18. Mr. Reid moved from the New York area in March 2014 and has been working from the Company's Miami office since.

19. In December 2014, Plaintiff and his wife bought an investment property in Winchester, Massachusetts.

20. In the beginning of April 2015, Plaintiff decided to inquire as to whether the Company would allow him to work from the Company's Boston office.

21. Plaintiff's duties with the Company could just as easily have been performed in Boston, or remotely, as in New York, and the Company has a practice of allowing, and in some instances requiring, that employees work remotely.

22. By way of example, in the past 2 years the Company hired a large number of sales force engineers and due to the workspace shortage in Company's New York office, all developers including Plaintiff were told to work 2 to 3 days per week remotely.

23. Plaintiff worked additional 1 to 2 days a week remotely per the Company's request, providing support for broker payroll, and month and year-end processes, both during the day and after hours. Plaintiff worked directly with users resolving all system issues remotely during the day and after hours.

24. Plaintiff requested a meeting with Mr. Reid in April 2015 to discuss "something important."

25. At the beginning of the meeting, Mr. Reid expressed relief that the meeting was not to discuss further health problems of Plaintiff.

26. Mr. Reid stated that Plaintiff's request to work from Boston was acceptable to him, but that it needed to be cleared with his manager, Andrew Hamilton ("Mr. Hamilton").

27. A week later, Mr. Reid told Plaintiff that Mr. Hamilton has approved his request as well.

28. As a result of the Company approving his request to work from Boston, Plaintiff put his home in New York on the market.

29. On May 15, 2015, Plaintiff received a cash offer for his New York home.

30. Two days later, Plaintiff told Mr. Reid about the offer and that he intended to move to Boston at the end of May. Mr. Reid raised no objection.

31. Two days later, Plaintiff and Mr. Reid spoke again about the move. Plaintiff was told that it would take about 2 to 3 weeks after his move for his workspace to be set up in the Company's Boston office.

32. As a result of Mr. Reid's additional confirmation that Plaintiff could move to Boston, Plaintiff accepted the cash offer and sold his New York home.

33. Plaintiff took 3 approved personal days to move to Winchester, Massachusetts and began to work remotely on Friday, May 29, 2015 as he awaited the setup of his workspace at the Company's Boston location.

34. On June 2, 2015, Plaintiff emailed Scott Sommer ("Mr. Sommer") to inform him that he would need his desktop computer in a couple of weeks when he was provided his workspace in the Company's Boston office.

35. Mr. Reid, copied on the email, told Mr. Sommer to wait until Tuesday when he was back in New York, and that "Yury might be getting new equipment for Boston, since I have an AS400 consultant sitting there next week."

36. Plaintiff continued to work remotely in June.

37. On June 22, 2015, Plaintiff was informed by Mr. Reid that the Company had now determined that he could not work in Boston, and were demanding that he resign.

38. Plaintiff was told that the Company's Human Resources Department was expecting his resignation, and he was provided with a draft resignation email, which read:

> *After informing you of my decision to relocate and understanding the need for my role is located in the C&W NY office, I have decided not to continue my employment. Therefore I formally resign and my last day with C&W will be June 22, 2015.*

39. Plaintiff refused to resign, and was told that if he did not, he would be terminated.

40. Plaintiff contacted the President of the Company on June 25, 2015 concerning his expected termination, and was told by Human Resources that the matter would be reviewed.

41. On Monday July 6, 2015, Plaintiff was informed that the Company's decision stood and that he would be terminated effective July 10, 2015.

42. On July 14, 2015, Plaintiff received a letter from Mr. Reid that purported to summarize the events leading up to his termination.

43. The letter, sent 4 days after Plaintiff's termination and weeks/months after events that are referenced, was full of inaccurate and false statements that appeared to be an attempt to "document" a revised history and provide the Company with a justification for its actions.

44. A younger person without a history of lymphoma, who had worked in Plaintiff's group in the past, replaced Plaintiff.

45. On August 24, 2015, Plaintiff filed a Charge of Discrimination with the Commonwealth of Massachusetts Commission Against Discrimination ("MCAD").

46. After waiting the required 90 days, Plaintiff has informed the MCAD that he is removing his Charge of Discrimination to Superior Court.

47. Plaintiff has exhausted all administrative remedies prior to filing this lawsuit.

**COUNT I**
**AGE DISCRIMINATION IN VIOLATION OF G.L. c. 151B**

48. Plaintiff repeats and realleges paragraphs 1-47 above as if fully set forth fully herein.

49. Plaintiff has timely satisfied all of the prerequisites to suit under M.G.L. c. 151B by filing a Charge of Discrimination at the MCAD and receiving permission to pursue a private right of action.

50. The Company discriminated against Plaintiff because of his age in violation of G.L. c. 151B.

51. As a result thereof, Plaintiff suffered and continues to suffer loss of income, loss of benefits, loss of personal and professional reputation, loss of professional opportunities and other losses including emotional distress and mental suffering.

**COUNT II**
**DISABILITY DISCRIMINATION IN VIOLATION OF G.L. c. 151B**

52. Plaintiff repeats and realleges paragraphs 1-51 above as if fully set forth fully herein.

53. Plaintiff has timely satisfied all of the prerequisites to suit under M.G.L. c. 151B.

54. The Company discriminated against Plaintiff because of his disability in violation of G.L. c. 151B.

55. As a result thereof, Plaintiff suffered and continues to suffer loss of income, loss of benefits, loss of personal and professional reputation, loss of professional opportunities and other losses including emotional distress and mental suffering.

**COUNT III**
**PROMISSORY ESTOPPEL/DETRIMENTAL RELIANCE**

56. Plaintiff repeats and realleges paragraphs 1-55 above as if fully set forth fully herein.

57. The Company made certain promises to Plaintiff, including promising him that he could transfer to the Company's Boston office.

58. Plaintiff relied on the Company's promises to his detriment.

59. As a direct and proximate result of Plaintiff's reliance on the promises of the Company, Plaintiff suffered and continues to suffer damages.

**COUNT IV**
**FRAUDULENT MISREPRESENTATION**

60. Plaintiff repeats and realleges paragraphs 1-59 above as if fully set forth fully herein.

61. The Company made false statements to Plaintiff concerning facts that a reasonable person would consider important to the decision that Plaintiff was about to make.

62. When the Company made the statements, it either knew that the statements were false or recklessly made the statements by willfully disregarding their truth or falsity.

63. The Company made the false statements with the intention that Plaintiff would rely on those statements in making his decision.

64. In making his decision, Plaintiff relied on the Company's statements as true, and his reliance was reasonable under the circumstances.

65. As a direct and proximate result of Plaintiff's reliance on the false statements of the Company, Plaintiff suffered and continues to suffer damages.

**COUNT V**
**NEGLIGENT MISREPRESENTATION**

66. Plaintiff repeats and realleges paragraphs 1-65 above as if fully set forth fully herein.

67. In the course of its business, the Company supplied false information for the guidance of Plaintiff.

68. The Company failed to exercise reasonable care or competence in communicating the information at issue.

69. Plaintiff reasonably relied on the Company's statements.

70. As a result of Plaintiff's reasonable reliance on the false information supplied by the Company, Plaintiff suffered and continues to suffer damages.

WHEREFORE, Plaintiff, Yury Rinsky, respectfully requests that this Honorable Court:

A. Enter judgment in his favor and against the Company on all Counts;

B. Award Plaintiff compensatory damages, including, but not limited to, back pay, front pay, and lost benefits, all with interest at the statutory rate;

C. Award Plaintiff emotional distress damages, with interest at the statutory rate;

D. Award Plaintiff liquidated/punitive damages;

E. Award Plaintiff attorneys' fees and costs; and

F. Order such further relief as the Court deems just and proper.

**JURY CLAIM**

Plaintiff demands a jury trial on all claims so triable.

Respectfully submitted,
**YURY RINSKY,**
By his attorney,

Mark D. Szal, BBO# 667594
SZAL LAW GROUP LLC
589 Tremont Street, Suite 4
Boston, Massachusetts 02118
Telephone: (617) 830-2494
mark@szallawgroup.com

Dated: January 15, 2016

**CIVIL TRACKING ORDER**
**(STANDING ORDER 1- 88)**

DOCKET NUMBER
1681CV00133

**Trial Court of Massachusetts**
**The Superior Court**

CASE NAME:
Rinsky, Yury vs. Cushman & Wakefield National Corporation

Michael A. Sullivan, Clerk of Court
Middlesex County

TO: Mark D. Szal, Esq.
Szal Law Group LLC
589 Tremont Street, Suite 4
Boston, MA 02118

COURT NAME & ADDRESS
Middlesex County Superior Court - Woburn
200 Trade Center
Woburn, MA 01801

**TRACKING ORDER - F - Fast Track**

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

**STAGES OF LITIGATION** — **DEADLINE**

| | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | | 04/19/2016 | |
| Response to the complaint filed (also see MRCP 12) | | 05/18/2016 | |
| All motions under MRCP 12, 19, and 20 | 05/18/2016 | 06/17/2016 | 07/18/2016 |
| All motions under MRCP 15 | 05/18/2016 | 06/17/2016 | 07/18/2016 |
| All discovery requests and depositions served and non-expert despositions completed | 11/14/2016 | | |
| All motions under MRCP 56 | 12/14/2016 | 01/13/2017 | |
| Final pre-trial conference held and/or firm trial date set | | | 05/15/2017 |
| Case shall be resolved and judgment shall issue by | | | 01/18/2018 |

**The final pre-trial deadline is not the scheduled date of the conference.** You will be notified of that date at a later time.
**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**
This case is assigned to

| DATE ISSUED | ASSISTANT CLERK | PHONE |
|---|---|---|
| 01/19/2016 | Leona M Kusmirek | (781)939-2760 |

Date/Time Printed: 01-19-2016 11:09:04

SCV026\ 1/2014

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS.

SUPERIOR COURT
CIVIL ACTION
NO. 1681CV00133

YURY RINSKY,

Plaintiff,

v.

CUSHMAN & WAKEFIELD NATIONAL CORPORATION,

Defendant.

**AFFIDAVIT OF ACCEPTANCE OF SERVICE OF PROCESS**

I, Robert R. Berluti, attorney for Defendant, Cushman & Wakefield National Corporation ("Defendant"), hereby acknowledge receipt of a copy of the Complaint, the Civil Action Cover Sheet, Civil Tracking Order and the Summons in the above-captioned lawsuit.

I hereby certify that I have accepted service of process as of the 29th day of January, 2016 on behalf of Defendant, and that I am authorized to do so. My execution of this Affidavit of Acceptance of Service constitutes valid service of process upon Defendants pursuant to Mass. R. Civ. P. 4. Other than with respect to service of process, the foregoing is without waiver of any and all rights and defenses that Defendant may have.

Respectfully submitted,
CUSHMAN & WAKEFIELD NATIONAL CORP.,
By its attorney,

Robert R. Berluti, BBO# 039960
BERLUTI MCLAUGHLIN & KUTCHIN LLP
44 School Street
Boston, Massachusetts 02108
Telephone: (617) 557-3030
Fax: (617) 557-2939
rberluti@bmklegal.com

Dated: January 29, 2016