UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| YURY RINSKY,<br><br>Plaintiff,<br><br>v.<br><br>CUSHMAN & WAKEFIELD, INC.<br><br>Defendant. | C.A. No. 16-10403 |

**DEFENDANT CUSHMAN & WAKEFIELD, INC.'S**
**MOTION FOR SUMMARY JUDGMENT**

Defendant Cushman & Wakefield, Inc. ("C&W") hereby moves, pursuant to Fed. R. Civ. P. 56, for summary judgment in its favor dismissing all five counts of the Complaint brought by plaintiff Yury Rinsky. In his Complaint, Plaintiff asserts counts against C&W for: (1) age discrimination in violation of M.G.L. c. 151B; (2) disability discrimination in violation of M.G.L. c. 151B; (3) promissory estoppel/detrimental reliance; (4) fraudulent misrepresentation; and (5) negligent misrepresentation. Plaintiff has no facts to prove crucial elements of these claims – in particular, there is zero evidence of discrimination. Furthermore, Plaintiff is barred, as a matter of law, from recovering the damages he seeks in Counts III-V.

The grounds for this motion, which are incorporated by reference herein in their entirety, are set forth in the accompanying memorandum of law and Local Rule 56.1 Concise Statement of Material Facts of Record as to Which There is no Genuine Issue to be Tried. Briefly stated, however, Plaintiff's claims fail for the following reasons:

***First***, the age discrimination claim fails because there is no evidence that Plaintiff was terminated because of his age. Plaintiff testified that his termination is the only adverse

employment action on which he bases his claim and that age was never raised in discussion about his transfer request and termination.

***Second***, the disability discrimination claim fails because Plaintiff admits that he was not in the protected class at the time of his termination – his last treatment was in 2013 and he testified that he did not have a disability and was able to work. Furthermore, as is the case with the age discrimination claim, there is no evidence that health played any impact in the decision to terminate Plaintiff.

***Third***, the promissory estoppel, intentional misrepresentation and negligent misrepresentation claims all fail because an at-will employee like Plaintiff cannot recover future wages and benefits under these theories of liability.

***Fourth***, each of the promissory estoppel, intentional misrepresentation and negligent misrepresentation claims fails because Plaintiff cannot prove one or more crucial elements of each – reliance, intent to induce, knowledge of falsity – that require summary judgment in favor of C&W

**WHEREFORE**, C&W respectfully requests that this Honorable Court grant its motion, enter judgment in its favor dismissing all counts of Plaintiff's Complaint, and grant such other and further relief as it deems just and proper.

## REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(D), C&W hereby requests that this motion be set down for a hearing at such time as the Court determines.

Dated: March 13, 2017

Respectfully Submitted,
**CUSHMAN & WAKEFIELD, INC.**
By its attorneys,

/s/Edward F. Whitesell, Jr.

Robert R. Berluti, Esq. (BBO# 039960)
Edward F. Whitesell, Jr., Esq. (BBO# 644331)
**BERLUTI MCLAUGHLIN & KUTCHIN LLP**
44 School Street, 9th Floor
Boston, MA 02108
Phone: 617-557-3030
Fax: 617-557-2939
rberluti@bmklegal.com
ewhitesell@bmklegal.com

## Certificate of Compliance with Rule 7.1(A)(2)

I, Edward F. Whitesell, Jr., hereby certify that, in accordance with Local Rule 7.1(A)(2), counsel for the parties have met and conferred on the merits of Plaintiff's claims on a number of occasions, including discussing settlement, and have attempted to resolve of narrow the issues contained herein.

/s/Edward F. Whitesell, Jr.

## Certificate of Service

I, Edward F. Whitesell, Jr., hereby certify that on March 13, 2017, a true and correct copy of this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

/s/Edward F. Whitesell, Jr.