# EXHIBIT F

EXHIBIT #6 Rinsky 3/1/17 EOB
PENGAD 800-631-6989

Weichert Realtors
www.weichert.com

This form has been certified by the Attorney General to be in compliance with the Plain Language Law. Approval of a consumer contract by the Attorney General only means that simple, understandable and easily readable language is used. It is not an approval of the contract's terms or legality.

REPLY TO
Associate Bruria"Laura" Bussi
Associate
Weichert® Office Oradell
Address 660 Kinderkamack Road
Oradell, NJ 07649
Phone No. 201-261-3300

ATTACH OPINION 26 NOTICE TO CONTRACT

THIS IS A LEGALLY BINDING CONTRACT THAT WILL BECOME FINAL WITHIN THREE BUSINESS DAYS. DURING THIS PERIOD YOU MAY CHOOSE TO CONSULT AN ATTORNEY WHO CAN REVIEW AND CANCEL THE CONTRACT. SEE SECTION ON ATTORNEY REVIEW FOR DETAILS.

# CONTRACT FOR THE SALE OF REAL ESTATE

Dated 3/31/2015

**1. PURCHASE AGREEMENT AND PROPERTY DESCRIPTION**

BUYER(S) Ailona Ayelet Yaar

Address Sheridan Place, Fair Lawn, NJ 07410

HEREBY AGREES TO PURCHASE FROM
SELLER(S) Yury Rinsky, Raisa Rinsky

Address 36-24 Garden View Terrace, Fair Lawn, NJ 07410

and Seller agrees to sell to the Buyer through Weichert, Realtors® at price and terms as stated below, the premises as follows: 36-24 Garden View Terrace, Fair Lawn, NJ 07410

Also known as Block 026-6 Lot(s) 00011 as shown on the Tax Maps of Fair Lawn, County of Bergen, State of NJ.
Approximate dimensions of lot 55 x 110 / 0.14 Acres
or as an accurate survey may reveal.

**2. PURCHASE PRICE** $340,000

**3. PAYMENT OF PURCHASE PRICE:**

A. **INITIAL DEPOSIT** to Weichert, Realtors Trust Account $1,000

B. **ADDITIONAL DEPOSIT** to Weichert, Realtors Trust Account $15,000
On or before

**DEPOSIT MONIES:** All deposit monies paid by the Buyer shall be held in the trust account of Weichert, Realtors until Closing of Title, at which time all such monies shall be paid to the Seller, unless agreed otherwise in writing by both the Buyer and the Seller. If Title fails to close or if this Contract is canceled by either party as provided for in this Contract, the deposit monies will be disbursed upon delivery of written authorization to Weichert, Realtors from all parties setting forth to whom the deposit monies are to be distributed. After the deposit monies have been returned, neither the Buyer nor the Seller shall have any claim against each other, the Broker, or the property. If Weichert, Realtors is joined as a party in any court action over the deposit monies, Weichert, Realtors may place the deposit monies with the court and will be entitled to court costs and reasonable attorney fees. Buyer and Seller authorize Weichert, Realtors to disburse from its trust account at the time of the closing, the Brokerage Fees as provided in Paragraph 31, and to bring to closing, the balance, if any, of the Deposit Monies.

© Copyright 2013 Weichert Co. All rights reserved. Any form of reproduction or distribution is strictly prohibited.
Rev 4/2014

**C. MORTGAGE CONTINGENCY:** This agreement is contingent upon the Buyer obtaining a N/A mortgage at a prevailing rate of interest for 0 years with monthly payments based upon a 0 year payment schedule. The Buyer agrees to make immediate written application for such financing and to pay applicable origination fees or points. If a written mortgage commitment is not obtained by ______________, this contract shall be null and void unless the Buyer waives the benefit of the mortgage contingency clause by 0. At the Buyer's request, the Seller may also extend the mortgage contingency date in writing prior to the above commitment date. If there is no such written waiver or extension, this Contract will have been canceled and the deposit will be returned to the Buyer upon receipt of written authorization to Welchert, Realtors from the parties.

Mortgage amount to be applied for is: $ 0

Other Mortgage Conditions:
**Cash offer - No mortgage contingency.**

**D. BALANCE OF PURCHASE PRICE:** By cash, certified, bank or attorney trust account check on delivery of warranty deed, if Seller received one, otherwise a deed of bargain and sale with covenants against grantors acts containing a legal description, free of all encumbrances except as herein referred to, together with an affidavit of title on or before 4/14/2015 ("the Closing Date"). The Closing Date may be modified by agreement of both parties. $ 324,000

**E. PURCHASE PRICE** (Total of Paragraphs 3A-D. In the event of a conflict between the amount inserted in this Paragraph 3E and the amount stated in Paragraph 2, Paragraph 2 shall control.) $ 340,000

**F. OPTIONAL ESCALATION CLAUSE:** The Purchase Price set forth herein may be increased pursuant to the terms of this Escalation Clause if the Buyer completes the terms of Paragraph F(1) and F(2) and the Seller complies with Paragraphs F(3) and F(4) herein.

1. If, prior to Seller's ratification of the Contract, Seller receives one or more additional written bona fide offers to purchase the Property containing terms acceptable to Seller (the "Competing Offer(s)") and from which Seller would receive net proceeds of sale payable to Seller equal to or greater than the net proceeds of sale payable to Seller under this offer, the Purchase Price of this Contract shall automatically increase to an amount that results in net proceeds to Seller equal to N/A more than the highest net proceeds of sale payable to Seller that would be generated by any other Competing Offer(s) (the "Adjusted Purchase Price"), except that in no event shall the Adjusted Purchase Price exceed N/A. If a Competing Offer(s) includes escalation terms, this automatic increase can be used multiple times.
2. If the Buyer will be financing a portion of the Purchase Price pursuant to a mortgage contingency ("the Mortgage Contingency") in this Contract, and a Competing Offer(s) results in an Adjusted Purchase Price, (check one):

   ☐ the loan amount provided in the Mortgage Contingency shall remain the same; or

   ☐ the loan amount provided for in the Mortgage Contingency shall automatically increase to be ________% of the Adjusted Purchase Price;

   and the Buyer shall pay any amount of the increase in the Adjusted Purchase Price that is not included in the loan amount in cash at the time of settlement.
3. The Adjusted Purchase Price shall be effective and binding upon the Buyer and Seller when the Contract has been ratified by Seller at the following Adjusted Purchase Price ______________ (to be completed by Seller).
4. Within 24 hours of Seller's ratification of the Contract, Seller shall provide to Buyer a complete copy of the Competing Offer(s) used to justify the Adjusted Purchase Price. Buyer agrees to accept a complete copy of the Competing Offer(s) with the competing buyer's (s') name(s) address, and telephone number obscured or otherwise removed. Should Buyer not timely receive said copy(ies), Buyer shall have the right to terminate the Contract upon notification to the Seller or Seller's representative.

© Copyright 2013 Weichert Co. All rights reserved. Any form of reproduction or distribution is strictly prohibited.
Rev 4/2014

**4. WOOD DESTROYING INSECT INSPECTION:** The Buyer may, at Buyer's expense, have an inspection made by a reliable pest control company for the presence of termites and other wood-destroying insects and/or structural damage from these sources in the dwellings and out-buildings on the premises within ten (10) calendar days of the date of this Contract. If the inspection indicates the absence of infestation or damage, then this Agreement shall be binding upon all parties. If the inspection reveals any such infestation or damage, then the Seller shall notify the Buyer in writing immediately upon receiving the report whether he will, at his own expense, eliminate such infestation and/or repair any structural damage caused by such infestation before the date of closing or whether he wishes to refund the deposit to the Buyer. If the Buyer accepts a refund of the deposit from the Seller, this Agreement shall become null and void. The Buyer, however, at his own option may refuse the refund, waive the results of the report in writing, and this Agreement shall become binding.

**5. HOME INSPECTION:** The Buyer may, at the Buyer's expense, have the property inspected by an engineer, builder or home inspector to determine the presence of any structural defects or environmental contaminants and to determine that all electrical, plumbing, heating, sewer/septic, well, and central air conditioning (if applicable) systems are in working order and need no major replacements or repairs. If the Buyer chooses to have the inspection, the inspection must be completed and the Seller notified of the results within ten (10) calendar days of the date of this Contract; otherwise the Buyer waives his rights under this paragraph. If any structural defects or environmental contaminants are found, or if all the aforementioned systems are not in working order or are in need of major replacements or repairs, Seller will be given ten (10) calendar days after receipt of the report to notify the Buyer whether or not the Seller agrees at his own expense to correct the structural defect, remove the contaminants, put the aforementioned systems in working order and make all needed major replacements or repairs, or the Buyer may cancel this Contract. The Buyer, however, at his option, may waive the results of the inspection in writing, and this Contract shall become binding.

**6. RADON INSPECTION:** The Buyer may, at the Buyer's expense, have the property tested for radon gas by a service, which meets current state certification requirements. If such test reveals that the level of radon gas exceeds four (4) picocuries per liter or such other governmental standards, the Buyer shall provide the Seller with a copy of the test results within five (5) days of Buyer's receipt of the report. If the Seller is unwilling to undertake all remedial measures necessary to reduce the radon gas levels below the above-stated level, the Buyer may terminate this Contract and obtain the return of all deposit monies. The Buyer shall have the test commenced within ten (10) calendar days of the date of this Contract.

**7. WELL INSPECTION:** Pursuant to the Private Well Testing Act, N.J.S.A. 58:12A-26, et seq., as a condition of sale of real property for which the potable water supply is (1) a private well located on the property, or (2) a well that has less than 15 service connections or that does not regularly serve an average of at least 25 individuals daily at least 60 days out of the year, such water supply shall be tested in accordance with the provisions of the Act. Seller shall, at Seller's sole cost and expense, conduct all such water tests in accordance with the Act. Seller shall provide a copy of all such water test results to Buyer(s) within ten (10) calendar days of this Contract. Closing of title on the sale of the real property shall not occur unless both the Buyer and the Seller have received and reviewed a copy of the water test results. If such water tests reveal that the water supply does not meet the applicable standards, Buyer(s) shall have the right to terminate this Contract and obtain the return of all deposit monies. At closing, the Buyer and Seller shall certify in writing that they have received and reviewed the water test results.

**8. SEPTIC INSPECTIONS:** If the property is serviced by a private septic system, the Buyer may, at the Buyer's expense, have the system inspected by a licensed Sanitary Engineer or Licensed Professional Engineer. If such inspection reveals any deficiency in the operation of the system, the Buyer shall notify the Seller in writing of such deficiency within five (5) days of Buyer's receipt of the written report. If the Seller shall be unwilling to undertake all necessary repairs or modifications, the Buyer shall have the right to terminate this Contract and obtain the return of all deposit monies. Said inspection shall be made within ten (10) calendar days of the date of this Contract.

**9. CESSPOOL REQUIREMENTS: (This section is applicable if the Property has a cesspool, except in certain limited circumstances set forth in N.J.A.C. 7:9A-3.16.)**

Pursuant to New Jersey's Standards for Individual Subsurface Sewage Disposal Systems, N.J.A.C. 7:9A (the "Standards"), if this Contract is for the sale of real property at which any cesspool, privy, outhouse, latrine or pit toilet (collectively "Cesspool") is located, the Cesspool must be abandoned and replaced with an individual subsurface sewage disposal system at or before the time of the real property transfer, except in limited circumstances.

A. Seller has represented and continues to represent to Buyer that ☐no Cesspool is located at or on the Property, or ☐one or more Cesspools are located at or on the Property. **[If there are one or more Cesspools, then also check EITHER Box 1 or 2 below.]**

1. ☐ Seller agrees that, prior to closing of title and at its sole cost and expense, Seller shall abandon and replace any and all Cesspools located at or on the Property and replace such Cesspools with an individual subsurface sewage disposal system, ("System") meeting all the requirements of the Standards. At or prior to closing of title, Seller

© Copyright 2013 Weichert Co. All rights reserved. Any form of reproduction or distribution is strictly prohibited.
Rev 4/2014

shall deliver to Buyer a certificate of compliance ("Certificate of Compliance") issued by the administrative authority ("Administrative Authority") (as those terms are defined in N.J.A.C. 7:9a-2.1) with respect to the System. Notwithstanding the foregoing, if the Administrative Authority determines that a fully compliant system cannot be installed at the Property, then Seller shall notify Buyer in writing within three (3) calendar days of its receipt of the Administrative Authority's determination of its intent to install either a nonconforming System or a permanent holding tank, as determined by the Administrative Authority ("Alternate System"), and Buyer shall then have the right to void this Contract by notifying Seller in writing within seven (7) calendar days of receipt of the notice from Seller. If Buyer fails to timely void this Contract, Buyer shall have waived its right to cancel this Contract under this subparagraph, and Seller shall install the Alternate System and, at or prior to closing of title, deliver to Buyer such Certificate of Compliance or other evidence of approval of the Alternate System as may be issued by the Administrative Authority. The delivery of said Certificate of Compliance or other evidence of approval shall be a condition precedent to the closing of title; or

2. ☐ Buyer agrees that, at its sole cost and expense, Buyer shall take all actions necessary to abandon and replace any and all Cesspools located at or on the Property and replace such Cesspools with a System meeting all the requirements of the Standards or an Alternate System. Buyer shall indemnify and hold Seller harmless for any and all costs, damages, claims, fines, penalties and assessments (including but not limited to reasonable attorneys' and experts' fees) arising from Buyer's violation of this paragraph. This paragraph shall survive the Closing.

**B.** If at any time prior to the Closing, either Buyer or Seller becomes aware of any Cesspool at or on the Property that was not disclosed by Seller at or prior to execution of this Contract, the party with knowledge of the newly identified Cesspool shall promptly, but in no event later than three (3) calendar days after receipt of such knowledge, advise the other party of the newly identified Cesspool in writing. In such event, the parties in good faith shall agree, no later than seven (7) calendar days after sending or receiving the written notice of the newly identified Cesspool, or the day preceding the scheduled closing of title, whichever is sooner, to proceed pursuant to Section (9)A 1 or 2 above or such other agreement as satisfies the Standards, or either party may terminate this Contract.

**10. CERTIFICATE OF OCCUPANCY, SEPTIC AND/OR WELL WATER CERTIFICATION AND CERTIFICATE OF SMOKE DETECTOR, PORTABLE FIRE EXTINGUISHER, AND CARBON MONOXIDE ALARM COMPLIANCE (CSDCMAC):** If required by state, county or local regulation, the Seller, at his own cost, will provide a Certificate of Occupancy, Septic and/or Well Water Certification and Certificate of Smoke Detector, Portable Fire Extinguisher, and Carbon Monoxide Alarm Compliance (CSDCMAC) at closing and deliver same to Buyer.

**11. FLOOD AREA:** The federal and state governments have designated certain areas as "flood areas." This means that they are more likely to have floods than other areas. The Buyer may, at the Buyer's expense, obtain a "Flood Area Certification." If the Property is in a "flood area," the Buyer may cancel this Contract within ten (10) calendar days of the date of this Contract and obtain return of all deposit monies.

**12. RISK OF LOSS:** The Seller assumes risk of loss or damage to the subject premises by fire or otherwise until closing. In case the premises shall suffer injury beyond the ordinary wear and tear, the Seller shall repair the damage before the date set for closing of title or make an appropriate deduction from the purchase price. In case the cost of replacement damage is in excess of 25% of the purchase price, the Buyer shall have the option to void the agreement and receive back all deposit monies.

**13. PROPERTY LINES AND CONDITIONS:** It is understood and agreed that the buildings, driveways, fences, septic (if any) and well (if any) are within the boundary lines of the property to be sold by the Seller to the Buyer in the deed and that there are no encroachments whatsoever. The Seller represents that the roof is free of leaks and that the heating, cooling, plumbing, electrical, septic waste disposal, hot water and water supply systems and all appliances included in the sale will be in reasonable working order at the time of closing of title, but these representations shall not survive the closing of title.

**14. MEGAN'S LAW STATEMENT:** Under New Jersey law, the county prosecutor determines whether and how to provide notice of the presence of convicted sex offenders in an area. In their professional capacity, real estate licensees are not entitled to notification by the county prosecutor under Megan's Law and are unable to obtain such information for you. Upon closing, the county prosecutor may be contacted for such further information as may be disclosable to you.

**15. SCHOOL DISTRICTING:** Seller makes no representations as to the school district in which the property is located and makes no representations as to the school(s) that the property's occupants would attend. It is the Buyer's obligation to verify information about the applicable school district and school(s).

**16. ASSESSMENT FOR MUNICIPAL IMPROVEMENTS:** The Seller is to pay all assessments for public improvements completed or under construction at date of this agreement.

© Copyright 2013 Weichert Co. All rights reserved. Any form of reproduction or distribution is strictly prohibited.
Rev 4/2014

**17. ADJUSTMENTS AT CLOSING:** Taxes, rents and rent securities, interest on mortgages and municipal assessments being assumed, sewer service charges, municipal utilities, fuel oil, bottled fuel, condominium dues and maintenance charges, related club or recreation dues, and the like, if any, shall be apportioned and adjusted as of the date of closing of title.

**18. BINDING OF SUCCESSORS:** This agreement is binding upon persons who sign this agreement, their respective heirs, executors, successors and assigns, and shall not be assigned without the written consent of the Seller.

**19. CONDITION OF PROPERTY AT CLOSING:** Seller agrees to cut grass and provide snow removal until closing of title, and deliver the premises in question in broom clean condition.

**20. PRE-CLOSE INSPECTION:** The Seller shall permit the Buyer or his representative to make an inspection of the premises at any reasonable time before closing of title.

**21. POSSESSION AND QUALITY OF TITLE:** The Seller agrees to convey clear and marketable title. Conveyance is to be made subject to easements, restriction of record, zoning ordinances, if any, which Seller represents have not been violated and do not render the title unmarketable. Physical possession of the premises in question shall be delivered to the Buyer at the time of closing of title and delivery of deed.

**22. PERMISSION TO MAKE KNOWN:** The parties to this agreement do hereby grant **Weichert, Realtors®** permission and authority to make known the names, sales price, terms and financing used by the parties hereto in the ordinary course of business.

**23. CLOSING OF TITLE:** Title shall close at the **Weichert, Realtors®** office identified above or any other place mutually agreed upon.

**24. ATTORNEY REVIEW:**

**A. Study by Attorney**
The Buyer or the Seller may choose to have an attorney study this Contract. If any attorney is consulted, the attorney must complete his or her review of the Contract within a three-day period. This Contract will be legally binding at the end of this three-day period unless an attorney for the Buyer or the Seller reviews and disapproves of the Contract.

**B. Counting the Time**
You can count the three days from the date of delivery of the signed Contract to the Buyer and the Seller. You do not count Saturdays, Sundays or legal holidays. The Buyer and Seller may agree in writing to extend the three day period for attorney review.

**C. Notice of Disapproval**
If an attorney for the Buyer or the Seller reviews and disapproves of this Contract, the attorney must notify the REALTOR(S) and the other party named in this Contract within the three-day period. Otherwise this Contract will be legally binding as written. The attorney must send the notice of disapproval to the REALTOR(S) by certified mail, by telegram or by delivering it personally. The telegram or certified letter will be effective upon sending. The personal delivery will be effective upon delivery to the REALTOR's office. The attorney may also, but need not, inform the REALTOR(S) of any suggested revision(s) in the Contract that would make it satisfactory.

**25. BUYER AND SELLER REPRESENTATIONS:** All parties affirm they have read, understand, and agree to all terms of this agreement.

This agreement is entered into upon the knowledge of the parties as to the value of the land and whatever buildings are upon the same, and not on any representations made as to the character or quality. Unless otherwise indicated in this agreement, all representations and/or statements made by the Seller or Broker shall not survive Closing of Title. This means that the Seller and Broker do not guarantee the condition of the premises after the Deed and Affidavit of Title have been delivered to the Buyer at the Closing.

Buyer acknowledges that while the Broker may have provided Buyers with names and addresses of companies providing mortgage monies, or performing inspections that Buyer may have performed on the property pursuant to the Contract, Broker shall have no liability to Buyers with respect to the quality and nature of the services provided and that Buyer's sole and exclusive remedy shall be against the companies providing such service.

**26. HOMEOWNER'S INSURANCE POLICY:** Hazard insurance is usually required by most lenders. Homeowner's insurance is available to be purchased by the Buyer through WEICHERT INSURANCE AGENCY.

**27. NOTICE OF OFFSITE CONDITIONS:** Pursuant to the New Residential Construction Off-Site Conditions Disclosure Act P.L. 1995, c.253, the clerks of municipalities in New Jersey maintain lists of off-site conditions which may affect the

© Copyright 2013 Weichert Co. All rights reserved. Any form of reproduction or distribution is strictly prohibited.
Rev 4/2014

value of residential properties in the vicinity of the off-site condition. Purchasers may examine the lists and are encouraged to independently investigate the area surrounding this property in order to become familiar with any off-site conditions which may affect the value of the property. In cases where a property is located near the border of a municipality, purchasers may also wish to examine the list maintained by the neighboring municipality.

Buyer shall have ten (10) calendar days from the date of this Contract to obtain such lists from the applicable municipality(ies). If it is found that off-site conditions exist which materially affect the value of the property, Buyer may cancel this Contract by giving written notice to Seller. Failure to give Seller such written notice within fifteen (15) days of the date of this Contract shall be deemed waiver of Buyer's right to cancel this Contract pursuant to this paragraph.

**28. PERSONAL PROPERTY AND FIXTURES:** Gas and electric fixtures; gas or electric stoves and ovens; exhaust fans and hoods; furnaces; hot water heaters; sump pump; hot tubs; sauna; linoleum; wall-to-wall carpeting where installed; built-in refrigerator, dishwasher and trash compactor; built-in central vacuum cleaner and attachments; central air conditioning; water softener, unless a rental; automatic garage door opener with remote controls; chandeliers; drapery and curtain hardware; cornices; radiator covers; interior window shutters, porch blinds, window blinds, bathroom fixtures however attached, shelving, mirrors and fireplace screens affixed to premises; screens, storm windows and doors, awnings, attic fans, television and radio antenna, built-in furnishings, smoke or fire and burglar detection devices, fire extinguishers, mail box, trees, shrubbery and plantings, and all other fixtures, if any, not belonging to the tenant of the premises, and now on the premises, are included in this sale price, unless specially excluded in this agreement.

**OTHER ITEMS INCLUDED:**

**Refrigerator, Dish washer, washer, dryer.**

**ITEMS EXCLUDED FROM SALE:**

**29. ADDITIONAL CONTRACTUAL PROVISIONS, IF ANY:**

**House will be sold as is but will still have the inspection contingency.**
**Owner will remove oil tank.**
**Sellers will have the option to lease the house back at the lease market value until buying another property.**

© Copyright 2013 Weichert Co. All rights reserved. Any form of reproduction or distribution is strictly prohibited.
Rev 4/2014

**30. CONSUMER INFORMATION STATEMENT AND DECLARATION OF LICENSEE BUSINESS RELATIONSHIP(S):**

A. By signing below the Seller and Buyer acknowledge they received the Consumer Information Statement on New Jersey Real Estate Relationships from the brokerage firms involved in this transaction prior to the first showing of the property.

B. Weichert, Realtors® and **Bruria"Laura" Bussi** ________________, as its authorized representative(s),
Names of licensee(s)

are working in this transaction as **Buyer's Agent** ________________.
(Seller's Agent, Buyer's Agent, Disclosed Dual Agent or Transaction Broker)

C. Information supplied by **Re/Max Properties Select - Michael Salman** ________________ has indicated that it is operating
Name of other firm

in this transaction as a **Seller's Agent** ________________.
(Seller's Agent Only, Buyer's Agent Only, Disclosed Dual Agent or Transaction Broker)

**31. BROKERAGE FEES**: The Seller recognizes Weichert, Realtors® as the agent negotiating this agreement. The Seller agrees to pay for services rendered a brokerage fee as follows:

| | |
|---|---|
| **Re/Max Properties Select**<br>Listing Broker | **As pr listng agreement**<br>Commission |
| **13-17 River Road, Fair Lawn, NJ 07410 / 201-796-8400**<br>Address and Telephone # | |
| E-mail | **201-796-9410**<br>Fax # |
| **Weichert, Realtors**<br>Selling Broker (IF ANY) | **2% - $250**<br>Commission (IF ANY) |
| **660 Kinderkamack Road, Oradell, NJ 07649 / 201-261-3300**<br>Address and Telephone # | |
| **bussirealtor@gmail.com**<br>E-mail | **201-796-6668**<br>Fax # |

In the event that Buyer defaults under this contract, any deposit monies retained by the Seller shall be divided fifty percent (50%) to Seller and fifty percent (50%) to Broker, but in no event will the sum to be paid to the Broker exceed the above specified brokerage fee.

The brokerage fee shall be due and payable out of the proceeds of sale in cash, certified or attorney's trust check on closing of title and delivery of deed. Weichert, Realtors® shall have a lien against the premises in the amount of the brokerage fee until fee is paid to Weichert, Realtors®.

© Copyright 2013 Weichert Co. All rights reserved. Any form of reproduction or distribution is strictly prohibited.
Rev 4/2014

**32. LEAD-BASED PAINT**: Seller disclosed the dwelling ☒ was ☐ was not constructed prior to 1978. If constructed prior to 1978, see Lead-Based Paint Disclosure attached.

____________ Seller's initials

**(ORIGINAL SIGNATURES)**

Witnessed by:

| Witness | Buyer | Date | Tel No |
|---|---|---|---|
| [signature] - agent | [signature] Ailona Ayelet Yaar | 3/31/2015 | |
| | | | |
| | | | |
| | | | |

Buyer's Address: Sheridan Place, Fair Lawn, NJ 07410

| Witness | Seller | Date | Tel No. |
|---|---|---|---|
| | Yury Rinsky | | |
| | Raisa Rinsky | | |
| | | | |
| | | | |

Seller's Address: 36-24 Garden View Terrace, Fair Lawn, NJ 07410

## *WEICHERT GOLD SERVICES*

**Weichert Gold® Services*** can make your home buying or selling experience smooth and effortless. Gold Services is available to coordinate your **mortgage financing, title insurance, and homeowner's insurance** to expedite your closing, giving you peace of mind. The Weichert Home Protection Plan is available. At Buyer's sole cost and expense, Buyer may elect to purchase limited warranty coverage for any property through the Weichert Home Protection Plan as provided by HMS Warranty.

☐ YES! I wish to meet with a Weichert Financial Services Consultant to discuss Weichert Gold Services. __________ Buyer's Initials

The best time to contact me regarding these services is ______ AM/PM, at phone # __________

We're **Weichert**…we do everything.

*Not all services available in all offices. Check with your Weichert Financial Services Consultant.

## ATTORNEYS

Seller's Attorney is: __________ (Name) ________ (Tel No.) ________ (Fax No.) ______ Seller's initials

Buyer's Attorney is: __________ (Name) ________ (Tel No.) ________ (Fax No.) ______ Buyer's initials

**ATTACH OPINION 26 NOTICE TO CONTRACT**

© Copyright 2013 Weichert Co. All rights reserved. Any form of reproduction or distribution is strictly prohibited.
Rev 4/2014

Weichert Realtors
www.weichert.com

**MUST BE ATTACHED TO EACH COPY OF CONTRACT OF SALE**

# OPINION 26

## NOTICE TO BUYER AND SELLER:
## YOU MUST READ THIS NOTICE BEFORE SIGNING THE CONTRACT

*The law requires real estate brokers to give you the following information before you sign this contract. It requires us to tell you that you must read all of it before you sign. The purpose is to help you in this purchase or sale.*

1. As a real estate broker, I represent (check one): ☒ the Seller, ☐ Buyer, ☐ or I am acting as a Disclosed Dual Agent. I do not represent the ☒ Buyer, or ☐ Seller (check one or delete entirely if a Disclosed Dual Agent). The title company does not represent either the seller or the buyer.
2. You will not get any legal advice unless you have your own lawyer. Neither I nor anyone from the title company can give legal advice to either the buyer or the seller. If you do not hire a lawyer, no one will represent you in legal matters now or at the closing. Neither I nor the title company will represent you in those matters.
3. The contract is the most important part of the transaction. It determines your rights, risks, and obligations. Signing this contract is a big step. A lawyer would review the contract, help you to understand it, and to negotiate its terms.
4. The contract becomes final and binding unless your lawyer cancels it within the following three business days. If you do not have a lawyer, you cannot change or cancel the contract unless the other party agrees. Neither can the real estate broker nor the title insurance company change the contract.
5. Another important service of a lawyer is to order a survey, title report, or other important reports. The lawyer will review them and help to resolve any questions that may arise about the ownership and condition of the property. These reports and survey can cost you a lot of money. A lawyer will also prepare the documents needed to close title and represent you at the closing.
6. A buyer without a lawyer runs special risks. Only a lawyer can advise a buyer what to do if problems arise concerning the purchase of this property. The problems may be about the seller's title, the size and shape of the property, or other matters that may affect the value of the property. If either the broker or the title company knows about the problems, they should tell you. But they may not recognize the problem, see it from your point of view, or know what to do. Ordinarily, the broker and the title company have an interest in seeing that the sale is completed, because only then do they usually receive their commission. So, their interests may differ from yours.
7. Whether you retain a lawyer is up to you. It is your decision. The purpose of this notice is to make sure that you have the information needed to make your decision.

| | | | |
|---|---|---|---|
| SELLER SIGNATURE Yury Rinsky | DATE | BUYER SIGNATURE A... na Ayelet Yaar | DATE 3/31/2015 |
| SELLER SIGNATURE Raisa Rinsky | DATE | BUYER SIGNATURE | DATE |
| SELLER SIGNATURE | DATE | BUYER SIGNATURE | DATE |
| SELLER SIGNATURE | DATE | BUYER SIGNATURE | DATE |
| | | SELLING BROKER E... ia "Laura" Bussi | DATE |
| | | SELLING BROKER | DATE |

© Copyright 2012 Weichert Co. All rights reserved. Any form of reproduction or distribution is strictly prohibited
Rev. 04/13
FOR USE IN NEW JERSEY ONLY
T265