# EXHIBIT P

EXHIBIT
421
Rinsky
3/1/17 EOB
PENGAD 800-631-6989

# The Commonwealth of Massachusetts
## Commission Against Discrimination
One Ashburton Place, Boston, MA 02108
Phone: (617) 994-6000 Fax: (617) 994-6024

MCAD DOCKET NUMBER: 15BEM02468
FILING DATE: 08/24/15

EEOC/HUD CHARGE NUMBER: 16C-2015-02214
VIOLATION DATE: 07/10/15

---

Name of Aggrieved Person or Organization:

Yury Rinsky
7 Conant Road
Apt. #9
Winchester, MA 01890
Primary Phone: (781)729-0035 ext. ____

---

Named is the employer, labor organization, employment agency, or state/local government agency who discriminated against me:

Cushman & Wakefield
Attn: Director of Human Resources
125 Summer Street
#1500
Boston, MA 02110
Primary Phone: (617)330-6966 ext. ____

No. of Employees: 25+

Work Location: Boston, MA

---

Cause of Discrimination based on:
Age, Age of Complainant, specified; Disability, Disability

---

The particulars are:
I, Yury Rinsky, the Complainant believe that I was discriminated against by Cushman & Wakefield, on the basis of Age, Disability. This is in violation of M.G.L. c. 151B Section 4 Paragraph 1B, 16 and ADEA, ADA.

See Attached.

---

I hereby verify, under the pains and penalties of perjury, that I have read this complaint and the allegations contained herein are true to the best of my knowledge.

______________________
(Signature of Complainant)

MCAD
AUG 24 2015
RECEIVED

## CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; see Privacy Act Statement before completing this form.

ENTER CHARGE NUMBER

☐ FEPA

☐ EEOC

MCAD
AUG 24 2015
RECEIVED

Massachusetts Commission Against Discrimination and EEOC
State or Local Agency, if any

| NAME *(Indicate Mr., Ms., Mrs.)* | HOME TELEPHONE *(Include Area Code)* |
|---|---|
| Mr. Yury Rinsky | (781) 729-0035 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|---|
| 7 Conant Road, Apt . #9 | Winchester, MA 01890 | August 30, 1951 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (if more than one list below.)

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE *(Indicate Area Code)* |
|---|---|---|
| Cushman & Wakefield | 100+ | 617-330-6966 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 125 Summer Street, #1500 | Boston, MA 02110 | Suffolk |

| NAME | TELEPHONE *(Indicate Area Code)* |
|---|---|
| | |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| | | |

| CAUSE OF DISCRIMINATION BASED ON *(Check appropriate box(es))* | DATE DISCRIMINATION TOOK PLACE |
|---|---|
| ☐ RACE ☐ COLOR ☐ SEX ☐ RELIGION ☐ NATIONAL ORIGIN<br>☐ RETALIATION **X AGE X DISABILITY** OTHER | EARLIEST: June 22, 2015 LATEST: July 10, 2015<br>☐ CONTINUING ACTION |

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s))*:

See Exhibit A attached.

| | |
|---|---|
| I want this charge filed with both the EEOC and the State or Local Agency, if any, I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – (When necessary for State and Local Requirements)<br>I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
| I declare under penalty of perjury that the foregoing is true and correct.<br>[signature]<br>Date 8/13/2015 Charging Party *(Signature)* | SIGNATURE OF COMPLAINANT [signature]<br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Day, month, and year)<br>13/8/15 [signature] |

JAMES A. HENRY, JR.
Notary Public
Massachusetts
Commission Expires Feb 11, 2022

Szal Law Group LLC
LITIGATION & COUNSELING

*BOSTON*
*589 Tremont Street, Suite 4*
*Boston, Massachusetts 02118*

*Main 617.830.2494*
*www.szallawgroup.com*

*CAPE COD*
*40 Worcester Court*
*Falmouth, Massachusetts 02540*

*Mark D. Szal, Esq.*
*mark@szallawgroup.com*

MCAD
AUG 24 2015

August 20, 2015

***Via First Class Mail***

Massachusetts Commission Against Discrimination
One Ashburton Place
Boston, MA 02108

**Re: Yury Rinsky v. Cushman & Wakefield**

Dear Sir/Madam:

Enclosed please find a Charge of Discrimination submitted on behalf of Yury Rinsky against Cushman & Wakefield. Please file and docket in your normal manner.

Please enter my appearance for Mr. Rinsky and feel free to contact this office should you need more information. Thank you.

Very truly yours,

Mark D. Szal

Enclosure
cc: Stephanie A. Mercer

MCAD AUG 2 4 2015

**EXHIBIT A**

**The particulars are**:

I, Yury Rinsky, the Complainant, believe that my former employer Cushman & Wakefield (the "Company") discriminated against me because ofmy age (64) and disability in violation of M.G.L. c. 151B. The relevant facts are as follows:

1. I was hired by the Company in June of 1988 as a Senior Systems Analyst, and worked in that role for approximately 10 years. In 1998 I was promoted to Project Manager.

2. Until May 2015, I worked at the Company's New York City location.

3. During my tenure with the Company, I played a key role in the development of various projects for the Company's core business system (Legacy), reporting to Managing Director Colin Reid. I was responsible for conceptual design, detail design, development, testing, implementation, post-implementation maintenance and support of business software for the Legacy system. The software is used in all Company offices in the United States and Mexico.

4. I generally worked directly with users with little or no supervision, completing most projects either on my own or with a small group of independent consultants under my supervision. My annual reviews were always "very good" or "meeting expectations"; for most years, I received a rating of "expert" or "exceeds expectations."In 2009, the Company's Information Technology management was completely replaced, and during this time my position was changed to Software Engineer II. I viewed this to be a demotion despite the fact that his salary stayed the same.

5. I have experienced health issues recently that were known to the Company. In 2013, I was hospitalized for two weeks with pneumonia and underwent treatment for recurrent lymphoma.During these times, I worked remotely when I was not able to be in the office and tried to take off as little time as possible.

6. Upon returning to work from my most recentlymphoma treatment, I was told by Mr. Reid that the Company would not continue to employ me if I took more time off for something similar soon.

7. In December 2014, my wife and I bought an investment property in Winchester, Massachusetts. In the beginning of April 2015, I decided to inquire as to whether the Company would allow me to work from the Company's Boston office, as my duties could just as easily be performed in Boston (or remotely) as in New York.

8. I requested a meeting with Mr. Reid to discuss "something important." At the beginning of the meeting, Mr. Reid expressed relief that the meeting was not to discuss further health problems of mine. Mr. Reid stated that my request to work from Boston was acceptable to him, but that it needed to be cleared with his manager, Andrew Hamilton. A week later, Mr. Reid told me that Mr. Hamilton approved my request as well. I was never told, nor was I aware, that there was any other process involved or required by the Company for me to transfer to Boston.

9. As a result of the Company approving my request to work from Boston, I put my home in New Jersey on the market. On May 15, 2015, I received a cash offer for my New Jersey home. Two days later, I told Mr. Reid about the offer and that I intended to move to Boston at the end of May. Mr. Reid raised no objection. Two days later, I spoke to Mr. Reid again about the move; I was told that it would take about 2 to 3 weeks after my move for my workspace to be set up in the Company's Boston office. As a result of Mr. Reid's additional confirmation that I could move to Boston, I accepted the cash offer and sold my New Jersey home.

10. I took 3 approved personal days to move to Winchester, Massachusetts and began to work remotely on Friday, May 29, 2015 as I awaited the setup of my workspace at the Company's Boston location. On June 2, 2015, I emailed Scott Sommer to inform him that I would need my desktop computer in a couple of weeks when I was provided with my workspace in the Company's Boston office. Mr. Reid, copied on the email, told Mr. Sommer to wait until Tuesday when he was back in New York, and that "Yury might be getting new equipment for Boston, since I have an AS400 consultant sitting there next week."Mr. Hamilton was also copied on the email.

11. I continued to work remotely in June. On June 22, 2015, I was informed by Mr. Reid and Mr. Hamiltonthat the Company had now determined that I could not work in Boston, and was demanding that I resign. I was provided with text for a draft resignation letter that I was told that the Company's Human Resources Department was demanding I sign, which read:

*After informing you of my decision to relocate and understanding the need for my role is located in the C&W NY office, I have decided not to continue my employment. Therefore I formally resign andmy last day with C&W will be June 22, 2015.*

12. I refused to resign, and was told that if I did not, I would be terminated. I contacted the President of the Company on June 25, 2015 concerning my expected termination, and was told by Human Resources that the matter would be reviewed. On Monday July 6, 2015, I was informed that the Company's decision stood and that I would be terminated effective July 10, 2015.

13. On July 14, 2015, I received a letter from Mr. Reid that purported to summarize the events leading up to my termination. The letter, sent 4 days after my termination and weeks/months after events that were referenced therein, was full of inaccurate and false statements that appeared to me to be an attempt to "document" a revised history and provide the Company with a justification for its discriminatory actions.

I hereby verify, under the pains and penalties of perjury, that I have read this complaint and the allegations contained herein are true to the best of my knowledge.

____________________
Yury Rinsky