# EXHIBIT R

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| YURY RINSKY,<br><br>Plaintiff,<br><br>v.<br><br>CUSHMAN & WAKEFIELD, INC.<br><br>Defendant. | ) | C.A. No. 16-10403 |

**PLAINTIFF, YURY RINSKY'S SUPPLEMENTAL ANSWERS TO FIRST SET OF INTERROGATORIES FROM DEFENDANT, CUSHMAN & WAKEFIELD, INC.**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Local Rule 33.1, Plaintiff, Yury Rinsky ("Plaintiff"), hereby supplements his previous answers to the first set of interrogatories propounded by Defendant, Cushman & Wakefield, Inc. (the "Company"). These answers are based upon Plaintiff's present knowledge. Plaintiff reserves the right to supplement, amend or otherwise change these answers in the event that discovery reveals facts that justify such supplementation, amendment or change.

**INTERROGATORY NO. 22**

Identify each type of benefit to which Mr. Rinsky would have been entitled, from the date of the Termination to the present, if the Termination had not happened. For each type of benefit, state the amount Cushman & Wakefield would have paid to provide the benefit for Mr. Rinsky during this time period and the value of the benefit to Mr. Rinsky.

**SUPPLEMENTAL ANSWER NO. 22**

Plaintiff objects to the term "benefit" as vague and undefined. Plaintiff further objects to the extent that the information sought is as easily ascertainable from Defendant as from Plaintiff. Subject to and without waiving the objections, Plaintiff states as follows: At the time of my termination, my salary was $133,738.08. I also received medical, dental and disability insurance, which equate to a monetary value of $6,008 per year. I also was provided with 35 Paid Time Off (PTO) days, which equate to a monetary value of $17,730 per year. I also received a bonus

incentive for the year 2014 of $17,138. It is my understanding the typically employees in my department receive a 3% increase in base salary per year effective as of April 1st of each year, and therefore I would have expected my salary to increase in 2016 to $137,750.22 and in 2017 to $141,882.73. It is my understanding that my 2014 bonus equated to approximately 13.2% of my base salary, and therefore I would have expected to receive bonuses for 2015 of $18,183.03, for 2016 of $18,728.52, and for 2017 of $19,290.38.

**INTERROGATORY NO. 23**

Identify with specific numbers the damages you seek in this lawsuit.

**SUPPLEMENTAL ANSWER NO. 23**

Plaintiff states as follows: I seek the following damages in this lawsuit:

(a) lost pay and benefits, equating to the salary, benefits, Paid Time Off and bonuses, as described in response to Interrogatory Number 22, for at least the three years I expected to work between my termination and my expected retirement, or $540,786.96, with any applicable interest;

(b) damages for emotional distress, which are impossible for me to quantify with specific numbers, and for which I will leave allocation of specific numbers to the Court or the jury at trial;

(c) liquidated/punitive damages, which are impossible for me to quantify with specific numbers, and for which I will leave allocation of specific numbers to the Court or the jury at trial; and

(d) attorneys' fees and costs.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 1ST DAY OF MARCH, 2017

Yury Rinsky

AS TO OBJECTIONS:

**YURY RINSKY,**
By his attorney,

Mark D. Szal, BBO# 667594
SZAL LAW GROUP LLC
589 Tremont Street, Suite 4
Boston, Massachusetts 02118
Telephone: (617) 830-2494
mark@szallawgroup.com

Dated: March 1, 2017

**CERTIFICATE OF SERVICE**

I, Mark D. Szal, hereby certify that on this 1st day of March, 2017, I served the foregoing by hand to:

Robert R. Berluti, Esq.
Berluti, McLaughlin & Kutchin LLP
44 School Street
Boston, Massachusetts 02108

Mark D. Szal