UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| YURY RINSKY, | ) | |
| Plaintiff, | ) | |
| v. | ) | C.A. No. 16-10403 |
| CUSHMAN & WAKEFIELD, INC. | ) | |
| Defendant. | ) | |

**PLAINTIFF, YURY RINSKY'S PROPOSED JURY INSTRUCTIONS**

NOW COMES the Plaintiff, Yury Rinsky ("Plaintiff"), by and through counsel, and hereby files his proposed jury instructions pursuant to the Court's Pretrial Order dated August 18, 2016. Plaintiff reserves the right to modify, supplement and/or amend his proposed post-trial instructions to the jury, including without limitation based upon Defendant's proposed *voir dire* questions, pre- and post-trial instructions to the jury and verdict form; the parties' efforts to agree upon such materials; discussions regarding the Court's practices for jury selection; the parties' continuing discussions regarding the claims and defenses that remain to be tried; and to respond to any other issues raised and/or resolved after this submission.

**PROPOSED INSTRUCTIONS**

**INSTRUCTION NO. 1: GENERAL INTRODUCTION**

Members of the Jury:

Now that you have heard all of the evidence and arguments of counsel, it is my duty to instruct you on the law you are to apply in this case. The law contained in these instructions is the only law you may follow. It is your duty to follow what I instruct you the law is, regardless of any opinion that you might have as to what the law ought to be.

If I have given you the impression during the trial that I favor either party, you must disregard that impression. If I have given you the impression during the trial that I have an opinion about

the facts of this case, you must disregard that impression. You are the sole judges of the facts of this case. Other than my instructions to you on the law, you should disregard anything I may have said or done during the trial in arriving at your verdict.

You should consider all of the instructions about the law as a whole and regard each instruction in light of the others, without isolating a particular statement or paragraph.

The testimony of the witnesses and other exhibits introduced by the parties constitute the evidence. The statements of counsel are not evidence; they are only arguments. It is important for you to distinguish between the arguments of counsel and the evidence on which those arguments rest. You may, however, consider their arguments in light of the evidence that has been admitted and determine whether the evidence admitted in this trial supports the arguments. You must determine the facts from all the testimony that you have heard and the other evidence submitted. You are the judges of the facts, but in finding those facts, you must apply the law as I instruct you.

You are required by law to decide the case in a fair, impartial, and unbiased manner, based entirely on the law and on the evidence presented to you in the courtroom. You may not be influenced by passion, prejudice, or sympathy you might have for the plaintiff or the defendant in arriving at your verdict.

Based on 3 Kevin F. O'Malley, Jay Grenig, and William C. Lee, *Federal Jury Practice & Instructions* § 103:01 (6th ed. 2016).

**INSTRUCTION NO. 2: NOTETAKING**

You may use the notes taken by you during the trial. However, the notes should not be substituted for your memory. Remember, notes are not evidence. If your memory should differ from your notes, then you should rely on your memory and not on your notes.

3 Kevin F. O'Malley, Jay Grenig, and William C. Lee, *Federal Jury Practice & Instructions* § 103:02 (6th ed. 2016).

**INSTRUCTION NO. 3: JUROR USE OF ELECTRONIC COMMUNICATION TECHNOLOGIES**

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as the telephone, a cell phone, smart phone, iPhone, Blackberry or computer, the Internet, any Internet service, any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, LinkedIn, YouTube or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict. In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case. You can only discuss the case in the jury room with your fellow jurors during deliberations. I expect you will inform me as soon as you become aware of another juror's violation of these instructions.

You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom. Information on the Internet or available through social media might be wrong, incomplete, or inaccurate. You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have. In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom. Otherwise, your decision may be based on information known only by you and not your fellow jurors or the parties in the case. This would unfairly and adversely impact the judicial process.

3 Kevin F. O'Malley, Jay Grenig, and William C. Lee, *Federal Jury Practice & Instructions* § 103:04 (6th ed. 2016).

**INSTRUCTION NO. 4: EVIDENCE IN THE CASE**

Unless you are otherwise instructed, the evidence in the case consists of the sworn testimony of the witnesses regardless of who called the witness, all exhibits received in evidence regardless of who may have produced them, and all facts and events that may have been admitted or stipulated to and all facts and events that may have been judicially noticed.

Statements and arguments by the lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statement, closing arguments, and at other times is intended to help you understand the evidence, but it is not evidence. However, when the lawyers on both sides stipulate or agree on the existence of a fact, unless otherwise instructed, you must accept the stipulation and regard that fact as proved.

Any evidence to which I have sustained an objection and evidence that I have ordered stricken must be entirely disregarded.

Based on 3 Kevin F. O'Malley, Jay Grenig, and William C. Lee, *Federal Jury Practice & Instructions* § 103:30 (6th ed. 2016).

**INSTRUCTION NO. 5: DIRECT AND CIRCUMSTANTIAL EVIDENCE**

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, direct evidence that it is raining is testimony from a witness who says, "I was outside a minute ago and I saw it raining." Circumstantial evidence that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching your verdict,

you should consider all the evidence in the case, including the circumstantial evidence.

Federal Civil Jury Instructions of the Seventh Circuit, Instruction No. 1.12 (2009); *see also* 3 Kevin F. O'Malley, Jay Grenig, and William C. Lee, *Federal Jury Practice & Instructions* § 104:05 (6th ed. 2016); Fifth Circuit Pattern Civil Jury Instructions, Instruction No. 3.3 (2014); Federal Civil Jury Instructions of the Seventh Circuit, Instruction No. 1.12 (2009); Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit, Instruction No. 1.9 (2007); Eleventh Circuit Pattern Jury Instructions (Civil Cases), Instruction Nos. 1.1, 3.3 (2013).

## INSTRUCTION NO. 6: INFERENCES

You are to consider only the evidence in the case. However, you are not limited to the statements of the witnesses. You may draw from the facts you find have been proved and such reasonable inferences as seem justified in light of your experience.

"Inferences" are deductions or conclusions that reason and common sense lead you to draw from facts established by the evidence in the case.

3 Kevin F. O'Malley, Jay Grenig, and William C. Lee, *Federal Jury Practice & Instructions* § 104:20 (6th ed. 2016).

## INSTRUCTION NO. 7: EVIDENCE ADMITTED FOR A LIMITED PURPOSE ONLY

Sometimes evidence may be admitted for a particular purpose and not generally for all purposes. You will recall that during the course of this trial I instructed you that I admitted certain evidence for a limited purpose. You must consider this evidence only for the limited purpose for which it was admitted.

Based on 3 Kevin F. O'Malley, Jay Grenig, and William C. Lee, *Federal Jury Practice & Instructions* § 104:42 (6th ed. 2016).

## INSTRUCTION NO. 8: CONSIDERATION OF THE EVIDENCE—CORPORATE PARTY'S AGENTS AND EMPLOYEES

A corporation may act only through natural persons who are its agents or employees. Generally, any agents or employees of a corporation may bind the corporation by their acts and declarations made while acting within the scope of their authority delegated to them by the corporation or within the scope of their duties as employees of the corporation.

3 Kevin F. O'Malley, Jay Grenig, and William C. Lee, *Federal Jury Practice & Instructions* § 103:31 (6th ed. 2016); *see also* Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit, Instruction 4.2 (2007).

**INSTRUCTION NO. 9: EXPERT WITNESSES**

The rules of evidence ordinarily do not permit witnesses to testify as to opinions or conclusions. There is an exception to this rule for "expert witnesses." An expert witness is a person who by education and experience has become expert in some art, science, profession, or calling. Expert witnesses state their opinions as to matters in which they profess to be expert, and may also state their reasons for their opinions.

You should consider each expert opinion received in evidence in this case, and give it such weight as you think it deserves. If you should decide the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude the reasons given in support of the opinion are not sound, or if you feel the expert's opinion is outweighed by other evidence, you may disregard the opinion entirely.

3 Kevin F. O'Malley, Jay Grenig, and William C. Lee, *Federal Jury Practice & Instructions* § 104:40 (6th ed. 2016).

**INSTRUCTION NO. 10: CHARTS AND SUMMARIES**

Charts and summaries have been shown to you in order to help explain facts disclosed by books, records, and other documents in evidence in the case. These charts or summaries are not themselves evidence or proof of any facts. If the charts or summaries do not correctly reflect facts or figures shown by the evidence in the case, you should disregard them.

The charts and summaries are used only as a matter of convenience. To the extent that you find they are not truthful summaries of facts or figures shown by the evidence in the case, you are to disregard them entirely.

3 Kevin F. O'Malley, Jay Grenig, and William C. Lee, *Federal Jury Practice & Instructions* § 104:50 (6th ed. 2016); *see also* Fifth Circuit Pattern Civil Jury Instructions, Instruction No. 2.7 (2014); 8th Cir. Civil Jury Instr. § 2.11 (2014); Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit, Instruction No. 2.12 (2007).

**INSTRUCTION NO. 11: DEMONSTRATIVE EXHIBITS**

Certain demonstrative exhibits, such as models, diagrams, timelines, devices and sketches, have been shown to you. Those exhibits are used for convenience and to help explain the facts of the case. They are not themselves evidence or proof of any facts.

Based on Federal Civil Jury Instructions of the Seventh Circuit, Instruction No. 1.24 (2009).

**INSTRUCTION NO. 12: ANSWERS TO INTERROGATORIES**

Each party has introduced into evidence certain interrogatories—that is, questions together with answers signed and sworn to by the other party. A party is bound by its sworn answers.

By introducing an opposing party's answers to interrogatories, the introducing party does not bind itself to those answers. The introducing party may challenge the opposing party's answers in whole or in part or may offer contrary evidence.

3 Kevin F. O'Malley, Jay Grenig, and William C. Lee, *Federal Jury Practice & Instructions* § 104:72 (6th ed. 2016).

### INSTRUCTION NO. 13: USE OF DEPOSITIONS AS EVIDENCE

During the trial, certain testimony has been presented by way of deposition. The deposition consisted of sworn, recorded answers to questions asked of the witness in advance of the trial by attorneys for the parties to the case. The testimony of a witness who, for some reason, is not present to testify from the witness stand may be presented in writing under oath or on a videotape.

Such testimony is entitled to the same consideration and is to be judged as to credibility, and weighed, and otherwise considered by you, insofar as possible, in the same way as if the witness had been present and had testified from the witness stand.

3 Kevin F. O'Malley, Jay Grenig, and William C. Lee, *Federal Jury Practice & Instructions* § 105:02 (6th ed. 2016); *see also* Model Civil Jury Instructions for the District Courts of the Third Circuit, Instruction No. 2.5 (2014); Fifth Circuit Pattern Civil Jury Instructions, Instruction No. 2.13 (2014); Federal Civil Jury Instructions of the Seventh Circuit, Instruction No. 1.05 (2009); Eleventh Circuit Pattern Jury Instructions (Civil Cases), Instruction No. 2.2 (2013).

### INSTRUCTION NO. 14: DISCREPANCIES IN TESTIMONY

You are the sole judges of the credibility of the witnesses and the weight their testimony deserves. You may be guided by the appearance and conduct of a witness, or by the manner in which a witness testifies, or by the character of the testimony given, or by evidence contrary to the testimony.

You should carefully examine all the testimony given, the circumstances under which each witness has testified, and every matter in evidence tending to show whether a witness is worthy of belief. Consider each witness' intelligence, motive and state of mind, and demeanor or manner while testifying.

Consider the witness' ability to observe the matters as to which the witness has testified, and whether the witness impresses you as having an accurate recollection of these matters. Also, consider any relation each witness may have with either side of the case, the manner in which each witness might be affected by the verdict, and the extent to which the testimony of each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses may or may not cause you to discredit such testimony. Two or more persons seeing an event may see or hear it differently.

In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of each witness such weight, if any, that you may think it deserves. In short, you may accept or reject the testimony of any witness, in whole or in part.

In addition, the weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or nonexistence of any fact. You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

3 Kevin F. O'Malley, Jay Grenig, and William C. Lee, *Federal Jury Practice & Instructions* § 105:01 (6th ed. 2016).

**INSTRUCTION NO. 15: IMPEACHMENT—INCONSISTENT STATEMENT OR CONDUCT**

A witness may be discredited or impeached by contradictory evidence or by evidence that at some other time the witness has said or done something, or has failed to say or do something that is inconsistent with the witness' present testimony.

If you believe any witness has been impeached and thus discredited, you may give the testimony of that witness such credibility, if any, you think it deserves.

If a witness is shown knowingly to have testified falsely about any material matter, you have a right to distrust such witness' other testimony and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.

An act or omission is "knowingly" done, if the act is done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

3 Kevin F. O'Malley, Jay Grenig, and William C. Lee, *Federal Jury Practice & Instructions* § 105:04 (6th ed. 2016).

**INSTRUCTION NO. 16: EFFECT OF PRIOR INCONSISTENT STATEMENTS OR CONDUCT**

Evidence that, at some other time while not under oath a witness who is not a party to this action has said or done something inconsistent with the witness' testimony at the trial, may be considered for the sole purpose of judging the credibility of the witness. However, such evidence may never be considered as evidence of proof of the truth of any such statement.

Where the witness is a party to the case, and by such statement or other conduct admits some fact

or facts against the witness' interest, then such statement or other conduct, if knowingly made or done, may be considered as evidence of the truth of the fact or facts so admitted by such party, as well as for the purpose of judging the credibility of the party as a witness.

An act or omission is "knowingly" done, if the act is done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

3 Kevin F. O'Malley, Jay Grenig, and William C. Lee, *Federal Jury Practice & Instructions* § 105:09 (6th ed. 2016).

**INSTRUCTION NO. 17: ELECTION OF FOREPERSON; DUTY TO DELIBERATE; COMMUNICATIONS WITH COURT; CAUTIONARY; UNANIMOUS VERDICT; VERDICT FORM**

You must follow these rules while deliberating and returning your verdict:

First, when you go to the jury room, you must select a foreperson. The foreperson will preside over your discussions and speak for you here in court.

Second, it is your duty, as jurors, to discuss this case with one another in the jury and try to reach agreement.

Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of the other jurors.

Do not be afraid to change your opinions if the discussion persuades you that you should. But do not make a decision simply because other jurors think it is right, or simply to reach a verdict. Remember at all times that you are judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

Third, if you need to communicate with me during your deliberations, you may send a note to me through the marshal or bailiff, signed by one or more jurors. I will respond as soon as possible either in writing or orally in open court. Remember you should not tell anyone— including me— how your votes stand numerically.

Fourth, your verdict must be based solely on the evidence and on the law I have given to you in these instructions. The verdict must be unanimous. Nothing I have said or done is intended to suggest what your verdict should be—that is entirely for you to decide.

Finally, the verdict form is simply the written notice of the decision that you reach in this case. You will take this form to the jury room, and when each of you has agreed on the verdicts, your foreperson will fill in the form, sign and date it, and advise the marshal or bailiff that you are ready to return to the courtroom.

Based on 3 Kevin F. O'Malley, Jay Grenig, and William C. Lee, *Federal Jury Practice & Instructions* § 103:50 (6th ed. 2016); *see also* Federal Civil Jury Instructions of the Seventh

Circuit, Instruction Nos. 1.32, 1.33 (2009); 8th Cir. Civil Jury Instr. § 3.6 (2014); Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit, Instructions 3.1, 3.2 (2009); Eleventh Circuit Pattern Jury Instruction (Civil Cases), Instruction Nos. 3.8.2, 3.9 (2013).

**INSTRUCTION NO. 18: COMMUNICATIONS BETWEEN COURT AND JURY DURING JURY'S DELIBERATIONS**

If it becomes necessary during your deliberations to communicate with me, you may send a note by a bailiff, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me by any means other than a signed writing. I will never communicate with any member of the jury on any subject touching the merits of the case otherwise than in writing, or orally here in open court.

From the oath about to be taken by the bailiffs you will note that they too, as well as all other persons, are forbidden to communicate in any way or manner with any member of the jury on any subject touching the merits of the case.

Bear in mind also that you are never to reveal to any person—not even to me—how the jury stands, numerically or otherwise, on the questions before you, until after you have reached a unanimous verdict.

3 Kevin F. O'Malley, Jay Grenig, and William C. Lee, *Federal Jury Practice & Instructions* § 106:08 (6th ed. 2016); *see also* Federal Civil Jury Instructions of the Seventh Circuit, Instruction No. 1.33 (2009); Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit, Instruction 3.2 (2007).

**INSTRUCTION NO. 19: ELECTION OF FOREPERSON—SPECIAL VERDICT**

Upon retiring to the jury room, you will select one of you to act as your foreperson. The foreperson will preside over your deliberations, and will be your spokesperson here in court.

A special verdict form has been prepared for your convenience. You will take this form to the jury room and, when you have reached unanimous agreement as to your verdict, you will have your foreperson fill in, date and sign the form that sets forth the verdict upon which you unanimously agree. You will then return with your verdict to the courtroom.

Based on 3 Kevin F. O'Malley, Jay Grenig, and William C. Lee, *Federal Jury Practice & Instructions* §§ 106:04, 106:05 (6th ed. 2016).

**INSTRUCTION NO. 20: VERDICT FORMS—JURY'S RESPONSIBILITY**

Nothing said in these instructions and nothing in any verdict form prepared for your convenience is meant to suggest or convey in any way or manner any suggestion or hint as to what verdict I think you should find. What the verdict shall be is your sole and exclusive duty and responsibility.

3 Kevin F. O'Malley, Jay Grenig, and William C. Lee, *Federal Jury Practice & Instructions* § 106:07 (6th ed. 2016).

**INSTRUCTION NO. 21: BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE**

This is a civil case. Plaintiff Yury Rinsky, who I will refer to as Plaintiff, is the party that brought this lawsuit. Defendant, Cushman & Wakefield, Inc., which I will refer to as Defendant, is the party against which the lawsuit was filed. Plaintiff has the burden of proving his case by what is called the preponderance of the evidence. That means Plaintiff has to prove to you, in light of all the evidence, that what he claims is more likely so than not so. To say it differently: if you were to put the evidence favorable to Plaintiff and the evidence favorable to Defendant on opposite sides of the scales, Plaintiff would have to make the scales tip somewhat on its side. If Plaintiff fails to meet this burden, the verdict must be for Defendant. If you find after considering all the evidence that a claim or fact is more likely so than not so, then the claim or fact has been proved by a preponderance of the evidence.

In determining whether any fact has been proved by a preponderance of evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

You may have heard of the term "proof beyond a reasonable doubt." That is a stricter standard of proof and it applies only to criminal cases. It does not apply in civil cases such as this. So you should put it out of your mind.

Based on Model Civil Jury Instructions for the District Courts of the Third Circuit, Instruction No. 1.10 (2014); *see also* 3 Kevin F. O'Malley, Jay Grenig, and William C. Lee, *Federal Jury Practice & Instructions* § 104:01 (6th ed. 2016).

**INSTRUCTION NO. 22: AGE AND HANDICAP DISCRIMINATION GENERALLY**

The primary Massachusetts antidiscrimination statute makes it unlawful for an employer, or its agents, to terminate an employee based on their age or handicap status.

G.L. c. 151B, § 4.

**INSTRUCTION NO. 23: ELEMENTS OF AGE DISCRIMINATION**

The Plaintiff alleges that the defendant discriminated against him because of his age. In order to recover, the Plaintiff must prove to you by a preponderance of the evidence the following elements:

1. The Plaintiff was over forty years old;

2. He was qualified for the job;

3. Despite his job qualifications, the Plaintiff was terminated;

4. A person with similar or inferior qualifications replaced the Plaintiff;

5. The person that replaced the plaintiff is at least five years younger than the Plaintiff.

Age discrimination is different from other types of discrimination such as race or sex discrimination. Age is a continuum along which distinctions between employees may be relative. For example, a sixty-year-old may be discriminated against in favor of a fifty-year-old. Such discrimination is just as illegal as if the sixty-year-old was discriminated against in favor of a twenty-year-old.

Somers v. Converged Access, Inc., 454 Mass. 582, 595 (2009); Zaniboni v. Mass. Trial Court, 87 Mass. App. Ct. 1130, *review denied*, 473 Mass. 1103 (2015).

**INSTRUCTION NO. 24: ELEMENTS OF HANDICAP DISCRIMINATION**

The Plaintiff alleges that the defendant discriminated against him because of his handicap. Where the defendant denies it terminated Plaintiff because of his handicap, in order to recover, the Plaintiff must prove to you by a preponderance of the evidence the following elements:

1. that the Plaintiff is a handicapped person pursuant to the law;

2. that the Plaintiff is a qualified handicapped person; and

3. that the Defendant discharged plaintiff in whole or in part because of his handicap.

Dartt v. Browning-Ferris Indus., Inc., 427 Mass. 1, 6, 10 n. 15 (1998)

**INSTRUCTION NO. 25: DEFINITION OF HANDICAP**

A person with a handicap is someone who:

1. has a physical or mental impairment which substantially limits one or more of his/her major life activities, or

2. has a record of having such impairment, or

3. is regarded as having such an impairment.

"Major life activities" means functions such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working.[7]

A person has a "record of impairment" and is considered to be "handicapped" is he has a past record of a physical or mental impairment that substantially limited one or more major life activities, even though the impairment may no longer exist. For example, a person who was treated for cancer five years earlier but who has been cancer-free since that time may still be entitled to protection under the law as a "handicapped person."

A "qualified handicapped person" means someone who is capable of performing the essential functions of their job, or who would be capable of performing the essential functions of their job with a reasonable accommodation to his handicap.

G.L. c. 151B 1(17); Persons With Disabilities in the Workplace Guidelines ("MCAD Guidelines"), Section II(A)(3); Godfrey v. Globe Newspaper Co., 457 Mass. 113, 119 (2010).

**INSTRUCTION NO. 26: BURDEN OF PROOF-LIABILITY**

The Plaintiff is a former employee of the defendant. The Plaintiff claims that the Defendant discriminated against him on the basis of the plaintiff's age and handicap.

In order to prove a claim for discrimination, the plaintiff must show four elements: membership in a protected class, harm, discriminatory animus, and causation. As for causation, the Plaintiff must prove to you by a preponderance of the credible evidence that the Defendant intended to discriminate against him and that discriminatory animus was the determinative cause of the defendant's decision to terminate him. The discriminatory animus was "determinative" if it was a material and important reason that the defendants took adverse action with respect to the plaintiff's employment. The burden of persuasion rests with the plaintiff at all times, unless I instruct you otherwise.

See Verdrager v. Mintz, Levin, Cohn, Ferris, Glovsky & Popeo, P.C., 474 Mass. 382, 396 (2016); Bulwer v. Mt. Auburn Hosp., 473 Mass. 672, 683 (2016).

**INSTRUCTION NO. 27: MOTIVE, INTENT AND STATE OF MIND**

In this case, one critical issue is why the defendant terminated the plaintiff. It is unlawful to discharge a person because of his age and/or handicap. To decide this case, you will have to inquire into and determine the defendant's motive, intent, or state of mind. In that regard, you may consider direct and circumstantial evidence, as described below.

(a) *Direct Evidence*

Sometimes motive, intent, or state of mind can be proved directly. Direct evidence is evidence that, if believed, would result in a highly probable inference that a forbidden bias was present in the workplace. Examples of direct evidence include: facially discriminatory employment policies, statements of a defendant that suggest a discriminatory attitude toward the protected classes to which the plaintiff belongs; testimony of a witness describing what his/her state of mind was; or testimony of a witness about what a defendant said that would be reflective of his/her state of mind.

(b) *Circumstantial Evidence*

Because direct evidence of discrimination rarely exists, motive, intent, or state of mind may be proved indirectly or circumstantially. You may examine the defendant's actions and words, and all of the surrounding circumstances, to help you determine what the defendant's motive, intent, or state of mind was when the defendant terminated the plaintiff.

The law does not dictate any distinction between the weight to be given direct or circumstantial evidence; that is up to the jury. Circumstantial evidence permits you to draw reasonable inferences from facts in evidence. The inference proposed from the evidence need only be reasonable; it need not be the only one possible.

Chief Justice for Admin. & Mgt. of Trial Court v. Massachusetts Comm'n Against Discrimination, 439 Mass. 729, 733 (2003); Bulwer v. Mount Auburn Hosp., 473 Mass. 672, 680-81 (2016) (citing McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-05 (1973); Com. v. Kilburn, 426 Mass. 31, 38 (1997).

**INSTRUCTION NO. 28: PROVING DISCRIMINATION BY CIRCUMSTANTIAL EVIDENCE—PRETEXT**

Circumstantial evidence of discrimination can include proof that the reason given by the defendant for termination is not true and is a pretext for unlawful discrimination.

In a situation where the legitimate reason advanced by the employer for taking an adverse action are rejected as not being the true reasons, one can reasonably conclude that the employer based its decision on an impermissible consideration. This inference is allowable because experience indicates that people do not generally act in a totally arbitrary manner, without any underlying reasons, especially in a business setting. When considering pretext, your focus must be on the defendant's state of mind, not on whether the defendant was right or wrong.

Evidence of pretext standing alone may, but need not, support an inference of unlawful bias. Therefore, if the plaintiff has persuaded you that at least one of [the employer's] reasons is false, you may, but are not required to, infer that [the employer] is covering up a discriminatory intent, motive, or state of mind.

Haddad v. Wal-Mart Stores, Inc., 455 Mass. 91, 97-99 (2009); Bulwer v. Mount Auburn Hosp., 473 Mass. 672, 680-81 (2016).

**INSTRUCTION NO. 29: MIXED MOTIVE**

Sometimes employment decisions are made based on a mixture of nondiscriminatory and discriminatory reasons. Here the plaintiff has asserted that discriminatory bias was at least one factor motivating his termination

The Plaintiff need not prove to you that his age or handicap was the sole reason for his termination. Rather, the Defendant must prove by a preponderance of the evidence that it would

have made the same decision regardless of the Plaintiff's age and or handicap. If you are not convinced that the Defendant would have taken the same action regardless of the Plaintiff's age or handicap, and you are convinced that the Plaintiff has proven that the claimed discriminatory reason was determinative of the action, then you must return a verdict for the Plaintiff.

Haddad v. Wal-Mart Stores, Inc., 455 Mass. 91, 114 (2009) (citing Wynn & Wynn, P.C. v. MCAD, 431 Mass. 655, 666-67 (2000)

**INSTRUCTION NO. 30: DAMAGES-EMPLOYMENT DISCRIMINATION**

If the Plaintiff has proven to you that the Defendant unlawfully discriminated against him, then you must decide the amount of damages, if any, that will fairly compensate the plaintiff. The purpose of an award of compensatory damages is to make the Plaintiff whole for all the losses that he has suffered because of the Defendant's unlawful discrimination. Except where I instruct you otherwise, the Plaintiff bears the burden of proof on damages.

Although uncertainty in the amount of damages does not bar recovery and mathematical precision is not required, you must not speculate, conjecture, or guess in awarding damages. The award is acceptable as long as it is based on just and reasonable inferences from the evidence. If you find that the defendant unlawfully discriminated against the plaintiff, then you may award damages in the following three areas:

1. back pay,
2. front pay,
3. emotional distress, and
4. in the case of handicap discrimination, punitive damages.

I will explain each to you.

G.L. c. 151B, § 9

**INSTRUCTION NO. 31: BACK PAY**

The Plaintiff is entitled to back pay, which is the amount of the Plaintiff's lost earnings from the date of his termination until today. This includes all lost salary, bonuses, the value of employment benefits, and health insurance benefits that would have accumulated but for the defendant's discriminatory conduct.

However, you should decrease this amount by any earnings and benefits received by the Plaintiff from another employer since the date of the adverse employment action.

DeRoche v. MCAD, 447 Mass. 1 (2006); Conway v. Electro Switch Corp., 402 Mass. 385, 388-89 (1988).

## INSTRUCTION NO. 32: MITIGATION OF DAMAGES

The Plaintiff has a duty to limit his damages. However, it is the *Defendant's* burden to prove to you that the Plaintiff failed in his duty to mitigate damages by seeking other employment. The Defendant meets this burden if it has proved to you that:

1. one or more discoverable opportunities for comparable employment were available in a location at least as convenient as the place of former employment;

2. the Plaintiff unreasonably made no attempt to apply for any such job; and

3. it was reasonably likely that the plaintiff would have obtained one of those comparable jobs.

If the Defendant has proven these facts, then you should reduce any back pay award to the Plaintiff by the amount that the Defendant has proven that he could have earned in wages and benefits at the comparable job.

Sheriff of Suffolk County v. Jail Officers & Employees, 465 Mass. 584, 592 (2013); Conway v. Electro Switch Corp., 402 Mass. 385, 389 (1988)

## INSTRUCTION NO. 33: FRONT PAY

The Plaintiff is entitled to front pay, which is the amount of damages resulting from the loss of future earnings and benefits that is attributable to the defendant's misconduct. You cannot speculate in awarding front pay; rather, the determination of the amount of the award must be proven with reasonable certainty. You should make reasonable estimates based on the evidence concerning the amount of future earnings, including salary, bonuses, and the value of benefits that the Plaintiff would have received but for the defendant's unlawful discrimination.

In determining front pay, you should consider and weigh the following factors:

1. the amount of earnings, including salary and benefits, that the Plaintiff probably would have received between now and the Plaintiff's projected retirement date or date of future employment;

2. the Plaintiff's probable date of retirement or date of future employment;

3. the amount of earnings that the Plaintiff probably will receive from another employer until his retirement;

4. the availability of other employment opportunities; and

5. the possibility of inflation and wage increases in the future.

Selmark Assocs. v. Ehrlich, 467 Mass. 525, 545 n.36 (2014); Haddad v. Wal-Mart Stores, Inc., 455 Mass. 91, 102-03 (2009); Conway v. Electro Switch Corp., 402 Mass. 385, 388-89 (1988);

Ventresco v. Liberty Mut. Ins. Co., 55 Mass. App. Ct. 201, 210 (2002); Handrahan v. Red Roof Inns, Inc., 48 Mass. App. Ct. 901, 902 (1999).

**INSTRUCTION NO. 34: EMOTIONAL DISTRESS**

If you find that the Plaintiff has been discriminated against, you may also award him reasonable damages for his emotional distress. Emotional distress includes mental pain, discomfort, indignity, depression, fear, anxiety, or humiliation suffered as a result of the discrimination. Although uncertainty in the amount of damages does not bar recovery and mathematical precision is not required, you must not speculate, conjecture, or guess in awarding damages.

When considering emotional distress awards, evidence in the form of some physical manifestation of the emotional distress, or evidence in the form of expert testimony, although beneficial, is not necessary to awarding damages. An award must rest on substantial evidence and its factual basis must be made clear on the record.

Some factors that you should consider include, but are not limited to:

1. the nature and character of the alleged harm;

2. the severity of the harm;

3. the length of time the complainant has suffered and reasonably expects to suffer; and

4. whether the complainant has attempted to mitigate the harm (e.g., by counseling or by taking medication).

In addition, the plaintiff must show a sufficient causal connection between the defendant's unlawful act and the plaintiff's emotional distress.

Robert & Ardis James Found. v. Meyers, 474 Mass. 181, 192 (2016); Labonte v. Hutchins & Wheeler, 424 Mass. 813, 824 (1997); Stonehill Coll. v. MCAD, 441 Mass. 549 (2004).

**INSTRUCTION NO. 35: PUNITIVE DAMAGES—HANDICAP DISCRIMINATION**

If you find that the Defendant has intentionally discriminated against the Plaintiff based on his handicap, you may consider whether punitive damages are warranted. Punitive damages are different from compensatory damages. Unlike compensatory damages, which compensate the victim for the harm he has suffered, the purpose of punitive damages is to punish the defendant for conduct that is outrageous because of the defendant's evil motive or reckless indifference to the rights of others.

To find that punitive damages should be awarded, you must find that more than intentional discrimination occurred. Punitive damages may be awarded only where the defendant's conduct is outrageous or egregious.

In determining the amount of a punitive damage award, if any, you should consider:

1. the character and nature of the Defendant's conduct;

2. the Defendant's wealth, in order to determine what amount of money is needed to punish the defendant's conduct and to deter any future acts of discrimination;

3. the actual harm suffered by the Plaintiff;

4. the magnitude of any potential harm to other victims if similar future behavior is not deterred;

5. whether there was a conscious or purposeful effort to demean or diminish the class of which the plaintiff is a part (or the plaintiff because he or she is a member of the class);

6. whether the Defendant was aware that the discriminatory conduct would likely cause serious harm, or recklessly disregarded the likelihood that serious harm would arise;

7. the Defendant’s conduct after learning that the initial conduct would likely cause harm; and

8. the duration of the wrongful conduct and any concealment of that conduct by the Defendant.

If you do award punitive damages, you should fix the amount by using calm discretion and sound reason.

Haddad v. Wal-Mart Stores, Inc., 455 Mass. 91, 110-11 (2009); Dartt v. Browning-Ferris Indus., Inc., 427 Mass. 1, 16-17 (1998); Bain v. City of Springfield, 424 Mass. 758, 767-68 (1997); Labonte v. Hutchins & Wheeler, 424 Mass. 813, 826-27 (1997).

**INSTRUCTION NO. 35: PROMISSORY ESTOPPEL—ELEMENTS**

Plaintiff has asserted a claim for promissory estoppel against defendant. The claim alleges that defendant made promises to plaintiff upon which plaintiff relied to his detriment.

To prove promissory estoppel, Plaintiff must show:

(1) that defendant made a representation intended to induce reliance on the part of Plaintiff;

(2) that Plaintiff acted in reasonable reliance on the representation; and

(3) that Plaintiff suffered harm as a consequence of his reliance.

If Plaintiff has proved the above enumerated three things by a preponderance of the evidence, your verdict will be for Plaintiff on the promissory estoppel claim, and you must then go on to determine the amount of money damages to award plaintiff.

Anzalone v. Admin. Office of Trial Court, 457 Mass. 647, 661 (2010); Sullivan v. Chief Justice for Admin. & Mgt. of the Trial Court, 448 Mass. 15, 27–28, 858 N.E.2d 699 (2006).

**INSTRUCTION NO. 36: PROMISSORY ESTOPPEL—DAMAGES**

If you find that the Plaintiff has proven, by a preponderance of the evidence, that he is entitled to relief under his promissory estoppel claim, the Plaintiff is entitled to damages to put the Plaintiff in the position he would have been if the promise had been fulfilled by both sides according to its terms. These damages are designed to compensate the plaintiff for the loss he actually sustained, and to put him in as good a position financially as he would have been had there been no breach of the alleged agreement between the plaintiff and defendant.

Lord's & Lady's Enters. v. John Paul Mitchell Sys., 46 Mass. App. Ct. 262 (1999); F. A. Bartlett Tree Expert Co. v. Hartney, 308 Mass. 407 (1941).

**INSTRUCTION NO. 37: FRAUDULENT MISREPRESENTATION—ELEMENTS**

In this case, the Plaintiff claims that the Defendant fraudulently misrepresented an important fact, and that as a result, Plaintiff acted in a manner that he would not have done if he had known the true state of affairs.

In order for the Defendant to be held liable for intentional misrepresentation, the Plaintiff must prove each of the following elements by a preponderance of the credible evidence:

1. that the Defendant made a false statement to the Plaintiff, and that statement concerned some fact that a reasonable person would consider important to the decision that the Plaintiff was about to make;

2. that when the Defendant made the statement, it either knew that the statement was false, or recklessly made the statement by willfully disregarding its truth or falsity;

3. that the particular defendant made the false statement with the intention that Plaintiff would rely on that statement in making his decision;

4. that Plaintiff did in fact rely on the Defendant's statement as true, and that his reliance was reasonable under the circumstances; and

5. that Plaintiff suffered some financial loss as a result of relying on the Defendant's false statement.

If you find that the Plaintiff has proved each of these five things by a preponderance of the credible evidence, your verdict on the claim for fraudulent misrepresentation will be for the Plaintiff. If, however, the Plaintiff has failed to prove any one of these five things by a preponderance of the credible evidence, then your verdict on this claim must be for that defendant.

Brady, et. al., Massachusetts Superior Court Civil Practice Jury Instructions, § 20.1 (MCLE 2014); Zimmerman v. Kent, 31 Mass. App. Ct. 72, 78 (1991) (A fact is "material" if a reasonable person would attach importance to it in determining his or her choice of action in the transaction

in question); Ravosa v. Zais, 40 Mass. App. Ct. 47, 52-54 (1996).

**INSTRUCTION NO. 38: FALSE STATEMENT OF FACT**

A Defendant may only be held responsible for an fraudulent misrepresentation about an existing fact. A Defendant may not be held responsible for fraudulent misrepresentation for a statement of opinion, estimate or judgment. An existing fact, as opposed to an opinion, estimate, or judgment, is a mater whose truth or falsity is capable of being determined with certainty at the time the statement was made. A Defendant can be held responsible for an intentional misrepresentation about his own opinion, estimate, or intention, but only if he intentionally misrepresented what his opinion, estimate, or intention actually was at the time the statement was made.

Brady, et. al., Massachusetts Superior Court Civil Practice Jury Instructions, § 20.1.1 (MCLE 2014); Kannavos v. Annino, 356 Mass. 42, 50 (1969).

**INSTRUCTION NO. 39: SUBJECT OF MISREPRESENTATION—MATERIALITY**

The Plaintiff must prove that the allegedly misstated fact was material, meaning that it concerned a fact that was important to Plaintiff's decision. A fact is material if it was one of the principal grounds (although not necessarily the sole ground) that caused Plaintiff to act, and that he would not have done so otherwise.

Brady, et. al., Massachusetts Superior Court Civil Practice Jury Instructions, § 20.1.6, fn.19 (MCLE 2014 citing Nat'l Car Rental Sys., Inc. v. Mills Transfer Co., 7 Mass. App. Ct. 850, 852 (1979).

**INSTRUCTION NO. 40: HALF-TRUTHS AND SILENCE**

A Defendant may be held responsible for outright untrue statements, and also for giving misleading partial information or for telling half-truths. A Defendant, however, cannot be held responsible on a claim for fraudulent misrepresentation based solely on his silence on a matter about which he was not asked.

Brady, et. al., Massachusetts Superior Court Civil Practice Jury Instructions, § 20.1.3 (MCLE 2014); Golber v. BayBank Valley Trust Co., 46 Mass. App. Ct. 256, 258 (1999); Swinton v. Whitinsville Sav. Bank, 311 Mass. 677, 678 (1992); Kannavos v. Annino, 356 Mass. 42, 48 (1969).

**INSTRUCTION NO. 40: INTENTION THAT PLAINTIFF WOULD RELY UPON FALSE STATEMENT**

In order to establish fraudulent misrepresentation, the Plaintiff also must prove by a preponderance of the credible evidence that the Defendant intended that he would rely on the misrepresentation.

Brady, et. al., Massachusetts Superior Court Civil Practice Jury Instructions, § 20.1.5 (MCLE 2014); Snyder v. Sperry & Hutchinson Co., 368 Mass. 433,445 (1976); Int'l Totalizing Sys. v. PepsiCo., Inc., 29 Mass. App. Ct. 424,431 (1990).

**INSTRUCTION NO. 41: REASONABLE RELIANCE**

In order to establish fraudulent misrepresentation, the Plaintiff must prove by a preponderance of the credible evidence that he reasonably relied on the Defendant's misrepresentation, and that such reliance was justifiable under the circumstances. The Plaintiff is not entitled to rely on a representation that he knows to be false or if its falsity is obvious. A person claiming justifiable reliance is required to use his senses, and cannot recover if he blindly relies upon a misrepresentation the falsity of which would be obvious if he had utilized the opportunity to make a cursory examination or investigation.

Brady, et. al., Massachusetts Superior Court Civil Practice Jury Instructions, § 20.1.6 (MCLE 2014); Collins v. Huculak, 57 Mass. App. Ct. 387, 391-92 (2003).

**INSTRUCTION NO. 42: DAMAGES**

If you find that the Plaintiff has proven by a preponderance of the credible evidence each of the five elements of his claim for fraudulent misrepresentation, then you must go on to determine the amount of money damages to be awarded. By instructing you on damages, I am not suggesting how you should decide this case. I am only informing you what the law is in the event that you reach the issue of damages.

In a case where there has been an fraudulent misrepresentation, the law provides that a plaintiff may recover the benefit of what the plaintiff was promised by the defendant. Thus, if you reach the issue of damages, you are to award Plaintiff an amount of money to compensate his for the detriment he suffered as a result.

Brady, et. al., Massachusetts Superior Court Civil Practice Jury Instructions, § 20.1.8 (MCLE 2014); GTE Prods. Corp. v. Broadway Elec. Supply Co., Inc., 42 Mass. App. Ct. 293,296-97 (1997) (citing Rice v. Price, 340 Mass. 502,506-07 (1960)); Kuwaiti Danish Computer Co. v. Digital Equip. Corp., 438 Mass. 459,470 n.9 (2003).

**INSTRUCTION NO. 43: NEGLIGENT MISREPRESENTATION—ELEMENTS**

In this case, the Plaintiff also claims the Defendant negligently misrepresented an important fact, and that as a result, Plaintiff acted in a manner that he would not have done if he had known the true state of affairs.

In order for Defendant to be held liable for negligent misrepresentation, the Plaintiff must prove each of the following elements by a preponderance of the credible evidence:

1. The Defendant, in the course of its business or in a transaction in which he had a pecuniary interest, supplied false information for the guidance of others in their business transactions.

2. The Defendant failed to exercise reasonable care or competence in obtaining or communicating the information at issue. In other words, the Defendant made a statement about an important fact without using the amount of care that a reasonable person would use under the circumstances to determine that what he said was true.

3. Plaintiff reasonably relied on the Defendant's statements.

4. Plaintiff suffered pecuniary loss caused by his reasonable reliance upon the information at issue.

If you find that the Plaintiff has proved each of these four things by a preponderance of the credible evidence, then your verdict on the claim for negligent misrepresentation will be for the Plaintiff. If, however, the Plaintiff has failed to prove any one of these four things by a preponderance of the credible evidence, then your verdict must be for that defendant on this claim.

Brady, et. al., Massachusetts Superior Court Civil Practice Jury Instructions, § 20.2 (MCLE 2014); DeWolfe v. Hingham Centre, LTD, 464 Mass. 795, 800 (2013); Cumis Ins. Soc'y, Inc. v. BJ's Wholesale Club, Inc. , 455 Mass. 458,471-72 (2009).

**INSTRUCTION NO. 44: DUTY OF CARE**

In considering whether Defendant acted negligently in obtaining and/or supplying information for the use of others, you should consider the use to which the Defendant expected the information would be put, weighed against the magnitude and probability of loss that might have occurred if that information proved to be incorrect.

Brady, et. al., Massachusetts Superior Court Civil Practice Jury Instructions, § 20.3.1 (MCLE 2014); Nycal Corp. v. KPMG Peat Marwick LLP, 426 Mass. 491,496-97 (1998) (citations omitted).

**INSTRUCTION NO. 45: KNOWLEDGE OF DEFENDANT**

The Plaintiff must prove by a preponderance of the credible evidence that the Defendant was manifestly aware of the use to which the information was to be put and intended to supply it for that purpose.

Brady, et. al., Massachusetts Superior Court Civil Practice Jury Instructions, § 20.3.3 (MCLE 2014); Nycal Corp. v. KPMG Peat Marwick LLP, 426 Mass. 491,497 (1998) (quoting Restatement (Second) of Torts § 552, cmt. a (1977)).

**INSTRUCTION NO. 46: CAUSATION—SUBSTANTIAL CONTRIBUTING FACTOR**

As I have already instructed you, one of the elements of the negligent misrepresentation claim, which the Plaintiff must prove by a preponderance of the credible evidence is that Plaintiff suffered pecuniary loss caused by its reasonable reliance upon the information at issue.

This means that even if you find that a Defendant was negligent in obtaining or communicating information upon which Plaintiff relied, the Defendant can not be held liable for negligent misrepresentation unless his negligence was a substantial factor in causing harm to Plaintiff. In other words, if the harm would have occurred anyway, the defendant is not liable for negligent misrepresentation.

Wainwright v. Jackson, 291 Mass. 100, 102 (1935) ("One cannot be held liable for negligent conduct unless it is causally related to injury of the plaintiff.") Glidden v. Maglio, 430 Mass. 694, 696 (2000) (causation "is an essential element" of proof of negligence); Restatement (Second) of Torts § 430 (1965) ("In order that a negligent actor shall be liable for another's harm, it is necessary not only that the actor's conduct be negligent toward the other, but also that the negligence of the actor be a legal cause of the other's harm.").

**INSTRUCTION NO. 47: DAMAGES**

If you find that the Plaintiff has established by a preponderance of the credible evidence each of the elements of his negligent misrepresentation claim, then he is entitled to recover an amount of money to compensate his for the detriment he suffered as a result.

As I have previously instructed you, by instructing you on damages, I am not suggesting how you should decide this case. I am only informing you what the law is in the event that you reach the issue of damages.

Brady, et. al., Massachusetts Superior Court Civil Practice Jury Instructions, § 20.2.1 (MCLE 2014); Danca v. Taunton Sav. Bank, 385 Mass. 1, 9 (1982) citing Restatement (Second) of Torts § 552(B), (1977) ("damages recoverable for a negligent misrepresentation are those necessary to compensate the plaintiff for the pecuniary loss to him of which the misrepresentation is a legal cause, including (a) the difference between the value of what he has received in the transaction and its purchase price or other value given for it; and (b) pecuniary loss suffered otherwise as a consequence of the plaintiffs reliance upon the misrepresentation."); id § 552(B)(2) (benefit of the bargain damages are not recoverable for a negligent misrepresentation).

Respectfully submitted,

**YURY RINSKY,**
By his attorney

/s/Mark D. Szal
Mark D. Szal, BBO#667594
**SZAL LAW GROUP LLC**
589 Tremont Street, Suite 4
Boston, Massachusetts 02118
Tel: (617) 830-2494
mark@szallawgroup.com

/s/John W. Dennehy
John W. Dennehy, P.C. BBO#658247
DENNEHY LAW
127 Main Street, Suite 1
Nashua, NH 03060
(603) 943-7633
(603) 943-7642 (Fax)
jdennehy@dennehylaw.com

DATE: March 24, 2017