# RE: Rinsky v. Cushman and Wakefield, Inc.

Robert Berluti <rberluti@bmklegal.com>

Tue 2/28/2017 12:05 PM

To: Mark Szal <mark@szallawgroup.com>;

Cc: Stephanie Mercer <Stephanie.Mercer@cushwake.com>;

Mark – this email follows our discussion on Friday, February 24, 2017 about your requests in the email below. C&W's responses are as follows:

- Production is complete (subject only to the supplemental requests herein);
- Regarding your request for the electronic calendars that Colin Reid identified in his testimony, I asked to what contested issue these calendars would be relevant. Mr. Reid testified that Mr. Rinsky was permitted to work remotely up to 3 days per week in the March to May 2015 time frame. You were unable to identify the relevance. C&W is not sure the electronic calendars exist. Given the substantial costs to investigate and the lack of relevance, C&W objects to this request;
- Regarding your request for the draft of the July 14, 2015 letter from Mr. Reid to Mr. Rinsky, I provided a copy of the draft of that letter to you on Friday, February 24, 2017. It had blank dates and is dated July 13, 2015. The final letter transmitted to your client was edited and is dated July 14, 2015;
- EAF will be produced;
- As discussed on February 24th, this request seems wholly irrelevant since there is no claim for a Cobra violation or that Mr. Rinsky was not paid whatever benefits he was entitled to. Ms. Hicks testified that Mr. Rinsky's health insurance was provided to the end of the month in which he was terminated (July 2015). Also, as explained, the Cobra benefits were administered by a third party administrator; C&W has requested a copy of correspondence with Mr. Rinsky from the third party administrator and will inform you of what we learn;
- The termination report will be provided with appropriate redactions for privacy.

Bob

---

**From:** Mark Szal [mailto:mark@szallawgroup.com]
**Sent:** Thursday, February 23, 2017 6:38 PM
**To:** Robert Berluti <rberluti@bmklegal.com>
**Subject:** Rinsky v. Cushman and Wakefield, Inc.

Bob:

As you know, there were several documents identified at the depositions today that appear to be responsive to the plaintiff's requests, but have yet to be produced. I asked on the record that they be produced and your response was "send me a letter." Given that your "rolling" production is not complete, discovery closes on Wednesday, the deposition transcripts will not be available for 7-10 days and trial is less than a month and a half away, requiring us to send you a letter to identify the deficiencies in your production as testified to by your own witnesses under oath is not acceptable. You have an ongoing obligation to supplement your document production under the rules.

From my notes, responsive documents that were identified today but not yet produced, include, but are not limited, to the following: (1) documents concerning Mr. Reid's electronic calendaring of the remote working schedule of his subordinates; (2) the company's EAF form(s); (3) communications concerning the cancellation of plaintiff's benefits and ability to elect COBRA; (4) the draft of "talking points" Ms. Hicks

identified creating; and (5) the employee termination report Ms. Hicks identified reviewing, which listed Mr. Rinsky as the only employee terminated for "job abandonment."

In addition, I note that you produced several policies (unlabeled) of the Company today for the first time, despite Ms. Hicks' testimony that they have been available on the Company intranet at all times. The policies, as you know, are dated September 2015, after Mr. Rinsky's termination. Ms. Hicks testified that she believed there would have been policies that preceded these and that were in effect at the time of Mr. Rinsky's employment and termination. We ask that you search for these as well and produce any documents that are responsive.

We reserve the right to take any and all actions concerning your responses to discovery and lack thereof, including but not limited to requesting sanctions and any other appropriate orders from the Court. Thank you.

Mark D. Szal
*Szal Law Group LLC*
*589 Tremont Street, Suite 4*
*Boston, MA 02118*
*Email: mark@szallawgroup.com*
*Phone: 617-830-2494*

*This message originates from the law firm of Szal Law Group LLC and may contain legally privileged and confidential information intended solely for the use of the addressee. If you are not the intended recipient and have received this message in error, please notify us by responding to this email and delete this message from your system. Any unauthorized reading, distribution, copying, or other use of this message or its attachments is strictly prohibited. This message may not be copied or distributed without this disclaimer.*