**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| YURY RINSKY, | ) | |
| Plaintiff, | ) | |
| v. | ) | C.A. No. 16-10403 |
| CUSHMAN & WAKEFIELD, INC. | ) | |
| Defendant. | ) | |

**DEFENDANT CUSHMAN & WAKEFIELD, INC.'S SUPPLEMENTAL TRIAL BRIEF IN SUPPORT OF THE APPLICATION OF NEW YORK LAW**

Defendant Cushman & Wakefield, Inc. ("C&W") hereby submits this Supplemental Trial Brief in response to the colloquy between the Court and counsel at the final pretrial conference on March 29, 2017 in which the issue of which body of law – New York or Massachusetts – applies to the Plaintiff's claims in the above-captioned litigation. As set forth herein, application of Massachusetts conflict of law principles to the facts of this case supports the Court's initial stated belief that New York law would apply. Moreover, there is no basis for Plaintiff's contention that the choice of law issue has been waived by C&W or that C&W should be estopped from raising it. C&W raised the issue in the first briefing to the Court and reserved its right to raise the issue at trial in every subsequent submission. Furthermore, given this notice and the opportunity to research and brief the issue well before trial, Plaintiff has suffered no prejudice. Crucially, because New York rather than Massachusetts law applies, the promissory estoppel, fraud and negligent misrepresentation claims are barred because at-will employees cannot reasonably rely on promises of continued employment as a matter of law. With respect to

the surviving discrimination claims, the jury should be instructed on New York law, particularly on damages.

**Relevant Facts**[1]

From the outset of this case, there has been some confusion on the part of Plaintiff as to the entity that employed him – C&W. Plaintiff has regularly referred to the "Boston Office" in his claim before the Massachusetts Commission Against Discrimination ("MCAD") and this case. In the original Complaint filed in Massachusetts Superior Court, Plaintiff named the wrong entity as his employer – Cushman & Wakefield National Corporation ("C&W National") – and identified it as having a "local" address of 225 Franklin, Suite 300, Boston, Massachusetts – which is the location of a third entity, Cushman & Wakefield of Massachusetts, Inc. ("C&W of MA").[2] It is likely that Plaintiff mistakenly alleged these facts in his eagerness to bolster his basis for asserting personal jurisdiction and thus ensure that the case remained in Massachusetts. However, this mistaken belief on the part of Plaintiff should not provide a basis for having Massachusetts law apply to his claims.

The undisputed facts establish that it is New York law that should apply to this case. C&W is a corporation organized and existing under the laws of New York with it principal executive office located at 1290 Avenue of the Americas in New York City ("New York Headquarters").[3] It does no business in Massachusetts, and indeed is not registered to do so with

[1] The facts supporting application of Massachusetts law are largely undisputed, and are set forth with references to the summary judgment record in C&W's Rule 56.1 Statement filed in support of its motion for summary judgment. To the extent that facts are not based on the Rule 56.1 Statement and supporting exhibits, C&W has attached the supporting materials as exhibits to this supplemental trial brief.

[2] *See* printout from the Secretary of the Commonwealth's Division of Corporations identifying the address as the principal office of C&W of MA, a domestic corporation, a true and correct copy of which is attached hereto as **Exhibit A**.

[3] See printout from the New York State Department of State's Division of Corporations for C&W, a true and correct copy of which is attached hereto as **Exhibit B**.

the Commonwealth.[4] The so-called "Boston Office" regularly mentioned in Plaintiff's papers is operated by C&W of MA, the Massachusetts corporation that operated in the Commonwealth under the C&W umbrella.

The only connection that Massachusetts has to this case is the fact that Plaintiff chose to move there, and did so. New York has the most significant relationship to the case. Plaintiff's common law claims all hinge on the allegation that he was told that he could transfer – in communications that by Plaintiff's own timeline all happened while he still worked in New York Headquarters and lived in New Jersey. Indeed, he claims that he relied on them in deciding to move. Plaintiff was based out of the New York Headquarters for twenty-seven years, and lived in the New York metropolitan area that entire time. That Plaintiff attempted to work remotely for three to four weeks after his move in May 2015, and was terminated while (indeed, because) he was living there, should not outweigh the twenty-seven years he spent working in the New York Headquarters. With respect to the discrimination claims, the key event is C&W's decision to terminate Plaintiff, which took place at the New York Headquarters. All the remaining allegations regarding Plaintiffs' age and lymphoma, including the bouts of cancer in 2009 and 2013, comments allegedly made by Reid in 2013 and April 2015, and the factual allegations surrounding Plaintiff's "men behind the curtain" theory, largely occurred prior to his move to Boston in May 2015.

---

[4] *See* printout from the Secretary of the Commonwealth's Division of Corporations reflecting the entities beginning with "Cushman & Wakefield" organized under Massachusetts law or registered to do business in the Commonwealth, a true and correct copy of which is attached hereto as **Exhibit C**. C&W National and C&W MA appear on the list; C&W does not.

## Argument

### I. NEW YORK LAW APPLIES TO PLAINTIFF'S CLAIMS

#### A. There Are Actual Conflicts Between The Substantive Law Of New York And Massachusetts On The Claims Asserted By Plaintiff

"An initial task of a choice-of-law analysis is to determine whether there is an actual conflict between the substantive law of the interested jurisdictions." *Levin v. Dalva Bros., Inc.*, 459 F.3d 68, 73 (1st Cir. 2006). When "the outcome is the same under the substantive law of either jurisdiction," there is no actual conflict and a court "need not resolve the issue." *Lambert v. Kysar*, 983 F.2d 1110, 1114 (1st Cir. 1993). Here, there are three distinct conflicts that require a determination of which law applies – New York or Massachusetts.

##### *1. The New York Discrimination Statute Does Not Allow For The Recovery Of Multiple Damages, Punitive Damages Or Attorneys' Fees*

A difference in available damages under the law of the respective jurisdictions, including the availability of punitive damages, is an actual conflict requiring determination of the applicable law. *Alharbi v. Theblaze, Inc.*, 199 F. Supp. 3d 334, 360 (D. Mass. 2016). In *Alharabi*, this Court noted that punitive damages were available for defamation claims under Texas law, but not Massachusetts law. *Id*. As a result, the Court engaged in a choice of law analysis, ultimately applying Massachusetts law and granting summary judgment in favor of defendant on a claim for punitive damages. *See id*. at 361.

The same is true here. M.G.L. c. 151B, §9 allows for recovery of "actual and punitive damages" and "award the petitioner reasonable attorney's fees and costs unless special circumstances would render such an award unjust." In age discrimination cases, M.G.L. c. 151B, §9 allows for recovery of "actual damages" and if the Court finds that the act or practice was committed with knowledge or reason to know that it was a violation, doubling or trebling of

the actual damages. The New York counterpart, on the other hand, does not allow for punitive damages, multiple damages or attorneys' fees for these claims. *See* N.Y. Exec. Law §297. Subsection 9 of that statute provides that "[a]ny person claiming to be aggrieved by an unlawful discriminatory practice shall have a cause of action in any court of appropriate jurisdiction for damages, including, ***in cases of housing discrimination only***, punitive damages …." In *Thoreson v. Penthouse Int'l, Ltd.*, 80 N.Y.2d 490, 499 (1992), the New York Court of Appeals held that there were no punitive damages under the New York statute, which is remedial in nature. The Court of Appeals highlighted the housing discrimination language and the legislative history, and found that the "only logical inference" was that no punitive damages were intended for other violations. Likewise, subsection 10 of the statute allows for the recovery of attorneys' fees only in limited circumstances that are inapplicable here. The New York State Human Rights Law simply "does not provide for an award of fees" for the age and handicap claims Plaintiff asserts here. *Lightfoot v. Union Carbide Corp.*, 110 F.3d 898, 913 (2d Cir. 1997) (comparing §297 to the ADEA).[5]

At the final pretrial conference, the Court inquired as to whether the conflicts issue impacted the evidence, and thus needed to be addressed in advance of the trial. It does in at least one crucial respect. Although c. 151B, §9 leaves the decision on doubling or trebling actual damages in an age discrimination case to the Court, the determination of whether punitive damages are available is one for the jury. *See*, *e.g.*, *Dartt v. Browning-Ferris Indus., Inc. (Mass.)*, 427 Mass. 1, 17 (1998); *see also Ciccarelli v. Sch. Dep't of Lowell*, 70 Mass. App. Ct.

---

[5] The statute was amended in October 2015 to add language to §296 and §297 that allow for the recovery of attorneys' fees in employment discrimination cases based on sex only. *See* 2015 Sess. Law News of N.Y. Ch. 364 (S. 3) (McKinney's). This law, which was passed as part of the New York State Senate's "Women's Equality Agenda" does not extend attorneys' fees to age and disability discrimination, and in any event, did not go into effect until January 19, 2016, after the discrimination alleged here.

787, 796 (2007). Should the conflicts question remain unresolved, it is anticipated that Plaintiff will seek to offer evidence that would be highly prejudicial to C&W if New York law applies and punitive damages are not available. Punitive damages are appropriate "where a defendant's conduct warrants condemnation and deterrence." *Bain v. Springfield,* 424 Mass. 758, 767 (1997). "Punitive damages may be awarded for conduct that is outrageous, because of the defendant's evil motive or his reckless indifference to the rights of others." *Dartt*, 427 Mass. at 17. C&W contends that this case is similar to *Dartt*, where there was no admissible evidence of outrageous conduct, and thus even under Massachusetts law, the issue of punitive damages should not be given to the jury. *Id*. at 17. If punitive damages are not available, however, evidence of outrageous conduct or evil motive is not relevant and argument to that extent would be highly prejudicial to C&W.

***2. New York Applies A Different Burden Of Proof To Fraud Claims***

The two jurisdictions also apply a different burden of proof to claims of fraud, including the fraudulent misrepresentation claim alleged by Plaintiff. This distinction is sufficient to create an "actual conflict" triggering a choice of law analysis. *See Levin*, 459 F.3d at 73-74. Massachusetts courts apply a preponderance of the evidence standard to fraud claims. *See id*.; *see also Compagnie De Reassurance D'Ile de France v. New England Reinsurance Corp.*, 57 F.3d 56, 72 (1st Cir. 1995). Under New York law, the "elements of a fraud claim must be shown by clear and convincing evidence." *Crigger v. Fahnestock & Co.*, 443 F.3d 230, 234 (2d Cir. 2006); *see also Simcuski v. Saeli*, 44 N.Y.2d 442, 452 (1978).

***3. Under New York Law, An Employee At Will Cannot, As A Matter Of Law, Reasonably Rely On Representations Of Continued Employment***

During the final pretrial conference, the Court noted another distinction that gives rise to a conflict in this case, and may warrant dismissal of the common law claims if New York law is

applied. As the Court noted, New York law is slightly more stringent with respect to promissory estoppel and misrepresentation claims asserted by at-will employees. While the Court declined to grant summary judgment on these claims under the Massachusetts law briefed by the parties, it did note that Plaintiff would be unable to prove his alleged damages, and expressed a belief that New York law is even more stringent. The Court is correct. As discussed in more detail in this subsection and in Section II below, application of New York law compels dismissal of the common law claims.

The distinction is a subtle one. C&W argued that it was entitled to summary judgment because under Massachusetts law, an at-will employee "is not entitled to benefits as damages which 'he neither contemplated or included in his contract,' and which are unrelated to past services." *Treadwell v. John Hancock Mut. Life Ins. Co.*, 666 F. Supp. 278, 287 (1987) (quoting *Maddaloni v. Western Mass. Bus Lines, Inc.,* 386 Mass. 877, 884 (1982)). "Because the plaintiff had no expectation of continued employment, [he] cannot as matter of law establish any damages traceable to [his] termination." *Furlonge v. Boston Med. Ctr.*, 2016 WL 70450, at *5 (D. Mass., Jan. 6, 2016) (Saylor, J.); *Fitzgerald v. Queen Anne Nursing Home, Inc.*, 61 Mass. App. Ct. 1103, at *1 (2004) (Rule 1:28). Based on summary judgment cases like *Treadwell* and *Tinkham v. Jenny Craig, Inc.*, 45 Mass. App. Ct. 567, 570-71 (1998), C&W argued that this inability to prove damages compelled dismissal of the claims.

New York common law takes it one step further and holds that an at-will employee may not reasonably rely on representations of continued employment. "[T]o the extent plaintiff relies on oral promises of continued employment, he could not reasonably rely on such promises as an at-will employee, and those promises do not modify the at-will doctrine," a point emphasized under Massachusetts law in C&W's summary judgment brief and motion in limine. *Susman v.*

*Commerzbank Capital Markets Corp.*, 95 A.D.3d 589 (N.Y. App. Div. 2012). As the Second Department held in *Marino v. Oakwood Care Ctr.*, "since the plaintiff was offered only at-will employment, she cannot establish reasonable reliance, a necessary element to recover damages on theories of fraudulent misrepresentation, negligent misrepresentation, and promissory estoppel." 5 A.D.3d 740, 741 (N.Y. App. Div. 2004). Thus, under New York law, even if Plaintiff could show some detriment or damages outside of back and front pay, he could not rely on any promise to create an expectation of continued employment.

**B. Application Of Massachusetts Choice Of Law Concepts Compels Application Of New York Law To Plaintiff's Claims**

It is a long-standing rule that a federal court sitting in diversity must apply the choice of law rules of the state in which it sits. *Klaxon Co. v. Stentor Elec. Mfg. Co., Inc.*, 313 U.S. 487, 496 (1941). "Otherwise, the accident of diversity of citizenship would constantly disturb equal administration of justice in coordinate state and federal courts sitting side by side." *Id*. Here, where the case was removed from Massachusetts Superior Court, there is no question that Massachusetts conflicts law applies.

On the other hand, New York law substantive law applies. Massachusetts adopts "a functional choice-of-law approach that responds to the interests of the parties, the States involved, and the interstate system as a whole." *Bushkin Assoc. v. Raytheon Co.,* 393 Mass. 622 (Mass. 1985). This functional approach "is explicitly guided by the Restatement (Second) of Conflict of Laws (1971)." *Clarendon Nat'l Ins. Co. v. Arbella Mut. Ins. Co.,* 60 Mass. App. Ct. 492 (Mass. App. Ct. 2004)). Absent an agreement between the parties on the choice of law, "the rights of the parties are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the transaction and the parties." *City of Haverhill v. George Brox, Inc.*, 47 Mass. App. Ct. 717, 724 (1999). The mere fact that a plaintiff or a

defendant is a resident of Massachusetts does not create a substantial interest. *Nierman v. Hyatt Corp.*, 441 Mass. 693, 696 (2004) (applying Texas law); *see also Kahn v. Royal Ins. Co.*, 429 Mass. 572 (1999). The crucial inquiry is generally an analysis of where the wrongdoing occurred. *Nierman*, 441 Mass at 697.

*Levin* specifically addresses choice of law with respect to the negligent and fraudulent misrepresentation claims, relying on §148 of the Restatement, which focuses on "where the representations were made and received, and where the plaintiff relied on the representations." 459 F.3d at 74. Section 148 of the Restatement provides:

> (1) When the plaintiff has suffered pecuniary harm on account of his reliance on the defendant's false representations and when the plaintiff's action in reliance took place in the state where the false representations were made and received, the local law of this state determines the rights and liabilities of the parties unless, with respect to the particular issue, some other state has a more significant relationship under the principles stated in § 6 to the occurrence and the parties, in which event the local law of the other state will be applied.
>
> (2) When the plaintiff's action in reliance took place in whole or in part in a state other than that where the false representations were made, the forum will consider such of the following contacts, among others, as may be present in the particular case in determining the state which, with respect to the particular issue, has the most significant relationship to the occurrence and the parties:
>
> (a) the place, or places, where the plaintiff acted in reliance upon the defendant's representations,
>
> (b) the place where the plaintiff received the representations,
>
> (c) the place where the defendant made the representations,
>
> (d) the domicil, residence, nationality, place of incorporation and place of business of the parties,
>
> (e) the place where a tangible thing which is the subject of the transaction between the parties was situated at the time, and
>
> (f) the place where the plaintiff is to render performance under a contract which he has been induced to enter by the false representations of the defendant.

Restatement (Second) of Conflict of Laws §148 (1971). Here, where the representation was made and received at C&W's New York Headquarters, and Plaintiff relied on it there, New York law applies under paragraph (1). Indeed, because the alleged representation deals with permission to transfer to Massachusetts, Plaintiff is backed into a corner – if he argues that he relied while already in Massachusetts, there would be no reliance in the first place. Even to the extent that these actions occurred in part in other states, Massachusetts was not one of them.[6] The factors listed in paragraph (2) all weigh in favor of application of New York law. C&W is a New York company with a New York Headquarters, that does not do business in Massachusetts. At the time, Plaintiff was still living in his home in New Jersey and working out of the New York Headquarters. New York law applies to the common law claims.[7]

The outcome is the same with respect to the discrimination claims. *See Krause v. UPS Supply Chain Sols., Inc.*, 2009 WL 3578601, at *5 (D. Mass., Oct. 28, 2009) (Woodlock, J.). Discrimination claims "are akin to tort" and thus are "governed by the law of the state where the alleged injury occurred unless another state has a more significant relationship to the cause of action." "The place where the injury occurred is the place where the last event necessary to make an actor liable for an alleged tort takes place." *Dunfey v. Roger Williams Univ.*, 824 F. Supp. 18, 21 (D. Mass. 1993) (Rhode Island law applied because alleged wrongful discharge occurred in Rhode Island). Here, Plaintiff admitted that the only adverse employment action was his termination – the last event necessary to make C&W liable for the alleged age and handicap discrimination – a decision made at New York Headquarters. Moreover, Massachusetts does not

---

[6] For example, Plaintiff might argue that the misrepresentation was partially made via email from Reid in Florida, or that part of his reliance was not just the decision to move but the sale of his house in New Jersey. Neither would change the outcome, as New York law applies under both paragraphs.

[7] The Restatement does not appear to address promissory estoppel. Although a promissory estoppel claim sounds in contract, it shares many of the same elements of fraud and misrepresentation. Whether analyzed under §6(2) for contract actions or §148, the result is the same – New York law applies.

have a more significant relationship to these causes of action. All of the remaining allegations regarding Plaintiffs' age and lymphoma – the bouts of cancer in 2009 and 2013, comments allegedly made by Reid in 2013 and 2015 – occurred prior to his move to Boston. Plaintiff even emphasized on page 7 of his summary judgment opposition that the facts supporting the newly-invented "men behind the curtain" theory largely occurred "before Plaintiff left for Boston." New York law governs.

### C. There Was No Waiver Or Judicial Estoppel

At the final pretrial conference, Plaintiff's counsel suggested that C&W had waived the choice of law issue, or should be estopped from raising it this close to trial. The relevant case law does not support such a finding. *See*, *e.g.*, *Levin*, 459 F.3d at 72.[8] There is no bright line by which a party must raise a conflict of law issue; rather the decision is largely left to the discretion of the trial judge. *See id*. ("case supervision is the primary responsibility of the trial court"). The key to the inquiry are each case's "own facts and equities" and whether the opposing party will suffer prejudice. *Id*.; *see also Kahn*, 429 Mass. at 577 (no waiver or estoppel of Florida statute of limitations by transfer of file to Boston or agreement to use Massachusetts arbitration procedures); *General Signal Corp. v. MCI Telecommunications Corp.*, 66 F.3d 1500, 1505 (9th Cir. 1995) (waiver and judicial estoppel arguments rejected where "[a]lthough MCI cited California law in earlier papers, it never specifically asserted as a legal argument that California law was applicable").[9]

---

[8] As this issue is a matter of procedure, under the *Erie* doctrine federal case law rather than that of Massachusetts, is applicable.

[9] This issue is better characterized as waiver, rather than judicial estoppel, which requires a prior inconsistent position (usually in a separate proceeding) and evidence that a litigant is "playing fast and loose with the courts" and "intentional self-contradiction is being used as a means of obtaining in a forum provided for suitors seeking justice." *Patriot Cinemas, Inc. v. Gen. Cinemas Corp.*, 834 F.2d 208, 212 (1st Cir. 1987). The Ninth Circuit in *General Signal*, however, applied it to prior statements of applicable law made in the same case. Regardless, here, C&W not only did not argue that Massachusetts law applies, it specifically stated in each filing that it believed New York to be

In *Levin*, the First Circuit upheld a decision of the District Court allowing a party to raise the issue ***on the first day of trial***. 459 F.3d at 72. There, the choice of law issue had not previously been "squarely presented" and the court had not issued any ruling on the issue. *Id*. at 72-73. Indeed, prior Massachusetts jury instructions jointly proposed with other parties severed from the case were not sufficient to constitute waiver. *Id*. at 73, n. 1. Like here, there was also "nothing in the record suggesting that [C&W] intentionally waited to raise the choice-of-law issue to gain an unfair advantage." *Id*. at 73. Finally, there was no evidence of prejudice, as "legal issues frequently arise mid-trial as the court prepares jury instructions and makes other rulings." *Id*. That the application of New York law "was unfavorable to" the plaintiffs did not constitute prejudice

The facts of this case (as they relate to waiver) are remarkably like those in *Levin*. Here, the conflicts issue was joined at the first opportunity to raise this argument – in a footnote in the summary judgment brief filed almost a month before trial (March 13, 2017), where C&W acquiesced to application of Massachusetts law for that limited purpose, but reserved its right to argue that New York law should apply should the case survive summary judgment. C&W again asserted that New York law should apply in the pretrial memorandum filed more than two weeks before trial (March 24, 2017), where it briefly outlined the legal basis. Furthermore, C&W raised the issue in the section of its March 24, 2017 trial brief in which it argued that the jury instructions should be tailored to reflect the conflict between the two bodies of law, and offered to prepare a complete set New York jury instructions before trial should the Court request them. Finally, at the final pretrial conference the Court gave the parties an opportunity for further briefing on the issue. C&W adequately preserved this issue each time questions of law arose,

---

the applicable law. *Cf. Bergin v. Dartmouth Pharm. Inc.*, 326 F. Supp. 2d 179, 180. n. 1 (D. Mass. 2004) (waiver found because the parties filed summary judgment papers "in which neither raised the choice of law issue").

and Plaintiff is not prejudiced by having to address them in the month before trial. In short, C&W did not waive its right to argue that New York law is applicable.

## II. UNDER NEW YORK LAW, PLAINTIFF'S COMMON LAW CLAIMS MUST BE DISMISSED BECAUSE HE WAS AN AT-WILL EMPLOYEE THAT COULD NOT REASONABLY RELY AS A MATTER OF LAW

As discussed above, New York law holds that an at-will employee cannot reasonable rely on any representation that would lead him to believe that he was entitled to continued employment. Where Massachusetts law simply precludes recovery of post-termination wages and benefits for at will employees under these claims, New York law knocks one of the legs out from under the claims by holding that proof of reasonable reliance is impossible.[10] In the absence of this crucial element, all three of the common law claims must be dismissed. *Marino*, 5 A.D.3d at 741. In other words, where claims such as fraudulent misrepresentation "constitute an improper attempt by the plaintiff to circumvent the traditional at-will employee rule, they must be dismissed." *Ullmann v. Norma Kamali, Inc.*, 207 A.D.2d 691, 692 (N.Y. App. Div. 1994); *see also Presler v. Domestic & Foreign Missionary Soc'y of Protestant Episcopal Church in US*, 113 A.D.3d 409 (N.Y. App. Div. 2014) ("Nor was a claim of promissory estoppel available to avoid the at will doctrine"); *Dalton v. Union Bank of Switzerland*, 134 A.D.2d 174, 176 (N.Y. App. Div. 1987) (no cause of action for promissory estoppel available to at-will employee).

In his summary judgment opposition, Plaintiff attempted to distinguish the Massachusetts case law, such as *Treadwell*, by suggesting that the promise and representation was not one of

[10] In the summary judgment opposition at page 19, Plaintiff suggests that his annual bonus payable in early 2016 relates to past services, rather than constituting post-termination benefits. While C&W certainly does not agree with the premise that the bonus was tied to work already performed, this further highlights the distinction between Massachusetts and New York law on this issue – Massachusetts merely bars recovery of a class of damages, while New York law knocks out an essential element, regardless of how the damages are characterized.

continued employment but of a right to transfer. This is a distinction without a difference. Inherent in Plaintiff's claim is not only that he was promised that he could transfer to Boston, but that he would be entitled to continued employment after the transfer occurred. Absent this inherent claim, there was no reason C&W could not terminate his employment for any reason immediately after the transfer. Indeed, there was nothing to stop C&W from changing its mind and requiring Plaintiff to return to New York after some period, and terminating him if he chose not to do so. No matter the nature of the promise or misrepresentation, under New York law, there can be no reasonable reliance. The common law claims should be dismissed.

**Conclusion**

For the reasons set forth herein, C&W respectfully requests that this Honorable Court apply New York law in this case, dismiss the common law claims for promissory estoppel, fraud and negligent misrepresentation, instruct the jury on the discrimination claims under New York law, and grant such other and further relief as it deems just and proper.

Dated: April 6, 2017

Respectfully Submitted,
**CUSHMAN & WAKEFIELD, INC.**
By its attorneys,

/s/Edward F. Whitesell, Jr.

Robert R. Berluti, Esq. (BBO# 039960)
Edward F. Whitesell, Jr., Esq. (BBO# 644331)
**BERLUTI MCLAUGHLIN & KUTCHIN LLP**
44 School Street, 9th Floor
Boston, MA 02108
Phone: 617-557-3030
Fax: 617-557-2939
rberluti@bmklegal.com
ewhitesell@bmklegal.com

**Certificate of Service**

I, Edward F. Whitesell, Jr., hereby certify that on April 6, 2017, a true and correct copy of this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

/s/Edward F. Whitesell, Jr.