UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| YURY RINSKY, | ) | |
| Plaintiff, | ) | |
| v. | ) | C.A. No. 16-10403 |
| CUSHMAN & WAKEFIELD, INC. | ) | |
| Defendant. | ) | |

**PLAINTIFF'S MEMORANDUM OF LAW CONCERNING CHOICE OF LAW**

NOW COMES the Plaintiff, Yury Rinsky ("Plaintiff"), by and through counsel, and hereby files this memorandum of law concerning the choice of law issue raised by the Defendant, Cushman & Wakefield, Inc. ("Defendant") at the final pretrial conference on March 29, 2017. Despite relying on Massachusetts law since the inception of this case, Defendant now seeks to apply New York law at trial. Defendant takes this approach because it seeks to preclude recovery of punitive damages, multiple damages and/or attorneys' fees with respect to the discrimination claims based upon a misguided notion that punitive damages are somehow not permitted under New York law.

Defendant is flatly wrong and has misrepresented the law to the Court once again. Not only are punitive damages and attorneys' fees available under New York law on Plaintiff's discrimination claims, New York law also provides for their recovery under common law claims. New York law also appears to allow recovery for pecuniary loss, whether framed as wages lost from the employer or inability to find comparable work. Having failed to obtain dismissal at summary judgment under Massachusetts law, Defendant seeks another bite of the apple under

New York law. Unwittingly, however, Defendant has opened the door to another category of damages: punitive damages and attorneys' fees under common law claims. Accordingly, in addition to the instruction requested by Defendant with respect to fraudulent misrepresentation, Plaintiff requests New York instructions on damages, including punitive damages and attorneys' fees, on all common law claims, as more fully discussed below.

**1. The New York City Human Rights Law Provides For Uncapped Compensatory Damages, Including Punitive Damages And Attorneys' Fees.**

Recovery of uncapped compensatory damages, including punitive damages and attorneys' fees for claims of age and disability discrimination, are expressly provided for under New York City's Human Rights Law ("NYCHRL"). New York City Admin. Code § 8-101 et seq. Specifically, the NYCHRL provides that persons aggrieved by unlawful discriminatory practices "shall have a cause of action in any court of competent jurisdiction for damages, including punitive damages." Id. at § 8-502(a) (emphasis added). Further, the NYCHRL provides that "the court, in its discretion, may award the prevailing party reasonable attorney's fees, expert fees and other costs."[1] Id. at § 8-502(g). "[T]he viability of the punitive damages provision of the City Human Rights Law is not affected in any way by the State Human Rights Law." Grullon v. South Bronx Overall Economic Development Corp., 712 N.Y.S.2d 911, 917 (2000).

It is undisputed that up until his transfer to Boston, Plaintiff worked from Defendant's New York City headquarters, and therefore may avail himself of the NYCHRL. Defendant does not cite any other differences between New York and Massachusetts law concerning age and

[1] In doing so, "[t]he court shall apply the hourly rate charged by attorneys of similar skill and experience litigating similar cases in New York county when it chooses to factor the hourly rate into the attorney's fee award." Id. at § 8-502(g).

disability discrimination, and does not seek any other changes to the Massachusetts instructions. "The First Circuit has repeatedly explained that when 'the outcome is the same under the substantive law of either jurisdiction,' there is no actual conflict and a court 'need not resolve the [choice-of-law] issue.'" AIG Prop. Cas. Co. v. Green, CV 15-30111-MGM, 2016 WL 6637694, at *6 (D. Mass. Nov. 8, 2016), citing Lambert v. Kysar, 983 F.2d 1110, 1114 (1st Cir. 1993). That is the situation here. Accordingly, the Court need not consider choice of law on Plaintiff's discrimination claims.

**2. The Court Should Add Additional Instructions Applicable To Plaintiff's Common Law Claims Under New York Law.**

Defendant requests that a "clear and convincing" evidence instruction be included for Plaintiff's claim of fraudulent misrepresentation. Plaintiff agrees that this appears to be the New York standard and would agree to that instruction, provided that the Court also instructs the jury on damages available under New York law. Specifically, New York law allows for the recovery of compensatory damages, punitive damages and attorneys' fee in tort claims. By Defendant's own request, the measure of damages under New York law should be reflected in the jury instructions, along with the additional "clear and convincing instruction."

**A. Punitive Damages And Attorneys' Fees Are Recoverable On All Claims.**

"Punitive damages are available in a tort action where the wrongdoing is intentional or deliberate, presents circumstances of aggravation or outrage, evinces a fraudulent or evil motive, or is in such conscious disregard of the rights of another that it is deemed willful and wanton." Bishop v. 59 W. 12th St. Condo., 886 N.Y.S.2d 153, 154 (2009). If the plaintiff in a fraud action is able to prove a sufficiently high degree of wanton or willful fraud or other morally culpable conduct, punitive damages and attorneys' fees may be awarded. See Giblin v. Murphy, 73 N.Y.2d 769 (1988). In Giblin, the Court of Appeals of New York sustained an award of

compensatory as well as punitive damages and attorneys' fees based on fraud and misrepresentation. Id. at 771. "Punitive damages are allowable in tort cases such as this so long as the very high threshold of moral culpability is satisfied." Id. at 772. See also Hoeffner v. Orrick, Herrington & Sutcliffe LLP, 924 N.Y.S.2d 376, 377 (2011) (punitive damages permitted were "defendant's wrongdoing is not simply intentional but evinces a high degree of moral turpitude"); Maharam v. Maharam, 652 N.Y.S.2d 506 (1st Dept.1997) ($250,000 punitive damage award not excessive in action for "egregious" negligence and constructive fraud).

Here, in addition to the standard of proof, the jury should be instructed on the measure of damages that may be recovered under New York law. See N.Y. Pattern Jury Instr. 2:278, attached hereto as Exhibit A. Because Defendant has demanded that the standard of proof be changed, the damages available must also be changed to be consistent with New York law. Accordingly, in addition to Defendant's requested instruction, Plaintiff requests that the jury be instructed that it may award punitive damages and attorneys' fees if they find for the Plaintiff on his common law claims.

**B. Plaintiff May Recover Compensatory Damages.**

Plaintiff's claim for compensatory damages is not "undeterminable and speculative." Rather v. CBS Corp., 886 N.Y.S.2d 121, 127 (2009). New York law appears to embrace the concept that plaintiffs may be awarded lost earnings under tort claims in certain circumstances. See Alice D. v. William M., 450 N.Y.S.2d 350, 357 (Civ. Ct. 1982) (awarding lost wages under negligent misrepresentation); Taschman v. Univ. of Rochester, 199 A.D.2d 1016, 1016, 606 N.Y.S.2d 106, 107 (1993) (assuming that lost income would be recoverable if it "could be found to be a direct result of defendant's alleged misrepresentation"). In considering damages, a jury may consider how likely an employee, even if at-will, would have remained at their former

employer but for the misrepresentation or promise. See Hyman vs. Int'l Bus. Machines Corp., S.D.N.Y., No. 98CIV.1371, 2000 WL 1538161, (Oct. 17, 2000) ("although Plaintiffs were at-will employees of IBM, damages can be measured based on how long they likely would have remained at IBM."); Caron v. Travelers Corp., 96 CIV. 6236 (DC), 1998 WL 395319, at *5 (S.D.N.Y. July 15, 1998) (summary judgment on the ground that plaintiff suffered no damages, or merely speculative damages, inappropriate where issue of fact existed as to how much longer plaintiff would have stayed on at employer but for the alleged fraudulent conduct).

As noted in previous filings, Plaintiff does not allege that he was promised or represented secure and continued employment. Rather, Plaintiff took action in reliance of Defendant's ancillary promise and representations concerning his transfer. It is undisputed that Plaintiff has been unable to secure employment since his termination. It is also undisputed that Plaintiff would never have been terminated and would be employed to this day by Defendant had he not moved to Boston. See Document 34, pp. 2-3. Regardless, it appears that under New York law, Plaintiff may be awarded damages for his out of pocket damages (lost earnings), whether viewed as his inability to find employment or as how long he likely would have remained employed with Defendant.

This issue comes down to common law claims in which "lost wages" are sought from the time the misrepresentation became actionable until at least the time of trial. Defendant's reliance on case law reciting to "back pay" and "future pay" are misplaced because those cases are mired solely in the employment context and appear in the case law as repackaged discrimination claims, while the case at bar concerns actionable common law claims with resulting damages that Defendant could have reasonably anticipated- ie. an older software engineer who moved to a new city with the majority of his experience over the last twenty-seven (27) years, working for

the Defendant, being solely attributed to an aging software system that is being phased out industrywide. Plaintiff agrees with Defendant, however, on the point that the common law claims result from misrepresentations and wrongful conduct that occurred while both parties were in New York. Accordingly, the jury should be instructed accordingly based on Defendant's choice of law with the instructions consistent with the law as noted herein and attached hereto.

## REQUEST FOR RELIEF

The Court need not resolve the choice of law issue with respect to Plaintiff's statutory discrimination claims. Defendant concedes that the substantive areas of law are the same in Massachusetts and New York, and it is clear that similar damages are available.

Plaintiff will agree to Defendant's requested instruction of "clear and convincing" evidence with respect to the fraudulent misrepresentation claim under New York law, provided that instructions for common law claims also be provided so that the jury may award punitive damages and attorneys' fees as to all common law claims, in addition to compensatory damages for lost wages, and that the special verdict form be amended consistent with such instructions.

Respectfully submitted,

**YURY RINSKY,**
By his attorneys,

/s/Mark D. Szal
Mark D. Szal, BBO#667594
**SZAL LAW GROUP LLC**
589 Tremont Street, Suite 4
Boston, Massachusetts 02118
Tel: (617) 830-2494
mark@szallawgroup.com

/s/John W. Dennehy
John W. Dennehy, P.C. BBO#658247
DENNEHY LAW
127 Main Street, Suite 1
Nashua, NH 03060
(603) 943-7633
(603) 943-7642 (Fax)
jdennehy@dennehylaw.com

DATE: April 6, 2017

**Certificate of Service**

I, Mark D. Szal, hereby certify that on April 6, 2017, a true and correct copy of this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

/s/Mark D. Szal