**N.Y. Pattern Jury Instr.--Civil 2:278**

New York Pattern Jury Instructions--Civil | December 2016 Update
Committee on Pattern Jury Instructions Association of Supreme Court Justices

Division 2. Negligence Actions
J. Damages
2. Punitive

PJI 2:278 Damages—Punitive

In addition to awarding damages to compensate the plaintiff AB for (his, her) injuries, you may, but you are not required to, award AB punitive damages if you find that the act(s) of the defendant CD that caused the injury complained of (was, were) (*[use applicable phrase or term:]* (wanton and reckless, malicious). Punitive damages may be awarded for conduct that represents a high degree of immorality *[add where applicable:]* (and shows such wanton dishonesty as to imply a criminal indifference to civil obligations). The purpose of punitive damages is not to compensate the plaintiff but to punish the defendant for (wanton and reckless, malicious) acts and thereby to discourage the defendant and other (people, companies) from acting in a similar way in the future.

*[Use whichever of the following sentences apply:]*

An act is malicious when it is done deliberately with knowledge of the plaintiff's rights, and with the intent to interfere with those rights. An act is wanton and reckless when it demonstrates conscious indifference and utter disregard of its effect upon the health, safety and rights of others. If you find that CD's act(s) (was, were) not wanton and reckless or malicious, you need proceed no further in your deliberations on this issue. On the other hand, if you find that CD's act(s) (was, were) wanton and reckless or malicious, you may award AB punitive damages.

*[If the jury determines that defendant's acts were wanton and reckless, or malicious, the court should proceed to charge the jury on the factors it should consider in determining the amount of punitive damages.]*

In arriving at your decision as to the amount of punitive damages you should consider the nature and reprehensibility of what CD did. That would include the character of the wrongdoing, (*[state the factors that are applicable, such as:]* whether CD's conduct demonstrated an indifference to, or a reckless disregard of, the health, safety or rights of others, whether the act(s) (was, were) done with an improper motive or vindictiveness, whether the act or acts constituted outrageous or oppressive intentional misconduct, how long the conduct went on, CD's awareness of what harm the conduct caused or was likely to cause, any concealment or covering up of the wrongdoing, how often CD had committed similar acts of this type in the past and the actual and potential harm created by CD's conduct *[add where appropriate:]* (including the harm to individuals or entities other than plaintiff AB. However, although you may consider the harm to individuals or entities other than plaintiff AB in determining the extent to which CD's conduct was reprehensible, you may not add a specific amount to your punitive damages award to punish CD for the harm CD caused to others.)

The amount of punitive damages that you award must be both reasonable and proportionate to the actual and potential harm suffered by AB, and to the compensatory damages you awarded AB. The reprehensibility of CD's conduct is an important factor in deciding the amount of punitive damages that would be reasonable and proportionate in view of the harm suffered by AB and the compensatory damages you have awarded AB.

 © 2017 Thomson Reuters. No claim to original U.S. Government Works. 

[*State where appropriate:* You have heard evidence that CD [*specify claimed out-of-state conduct*] in the state(s) of [*identify state(s) in which claimed conduct occurred*]. That conduct is not against the law in [*specify state(s) in which claimed conduct occurred*]. Therefore, if you decide to award punitive damages in this case and if you find that CD [*specify claimed out-of-state conduct*] in [*identify state(s) in which claimed conduct occurred*], you may not add a specific amount to your punitive damages award to punish CD for the out-of-state conduct.

You may also consider the defendant CD's financial condition and the impact your punitive damages award will have on CD.

In reporting your verdict, you will state the amount awarded by you as punitive damages.

WESTLAW © 2017 Thomson Reuters. No claim to original U.S. Government Works.