**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| YURY RINSKY, | ) | |
| Plaintiff, | ) | |
| v. | ) | C.A. No. 16-10403 |
| CUSHMAN & WAKEFIELD, INC. | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION FOR NEW TRIAL**

Pursuant to Fed. R. Civ. P. 59(a), defendant, Cushman & Wakefield, Inc. ("C&W"), hereby moves this Court to enter an order granting a new trial on Plaintiff's claim for age discrimination.

The jury found for Plaintiff on an age discrimination claim and returned an award of $1.275 million – comprised of $425,000 in compensatory damages and $850,000 in punitive damages. However, a new trial and/or dismissal of this action is warranted pursuant to Rule 59(a) because the jury's verdict and award are against the weight of the evidence, this Court lacks subject matter jurisdiction to render an award based upon the New York City statute at issue, and the verdict was substantially tainted by several prejudicial errors in the jury instructions and special verdict form.[1]

**A. The Jury's Verdict Is Against the Weight of the Evidence.**

The jury's verdict is against the weight of the evidence because the evidence at trial established nothing more than that Plaintiff (an at-will employee) was terminated because he moved to Massachusetts and refused to return to New York. There was absolutely no evidence

[1] C&W is also filing contemporaneously herewith a renewed motion for judgment as a matter of law pursuant to Fed. R. Civ. P. 50(b), seeking, in the alternative, judgment as a matter of law because the evidence did not establish a legally sufficient evidentiary basis for age discrimination.

to suggest that C&W's decision to terminate Plaintiff's employment was influenced by age. To the contrary, both Plaintiff and all C&W personnel who testified at trial were unanimous in their recollection that the topic of Plaintiff's age never arose during Plaintiff's many communications with C&W regarding his proposed transfer, and the evidence was likewise clear that C&W maintained a hospitable workplace for employees of Plaintiff's age. This evidence cannot support a verdict for age discrimination, let alone punitive damages.

**B. No Subject Matter Jurisdiction.**

This Court lacks subject matter jurisdiction to enter judgment for Plaintiff because the rationale for the jury's verdict deprives this Court of subject matter jurisdiction to award relief under the New York City Human Rights Law ("NYCHRL"). Specifically, because the jury necessarily concluded that Plaintiff felt the "impact" of his termination in Massachusetts – not New York – this Court lacks subject matter jurisdiction to award relief under NYCHRL.

**C. Prejudicial Errors in the Jury Instructions / Verdict Form.**

Even if the judgment were otherwise supported by the evidence and jurisdictionally proper, which is not the case, a new trial is still necessary because: (1) the jury was erroneously instructed to apply two separate and distinct causation tests – "substantial factor" and "but for" – as if they were interchangeable (which they are not); (2) the special verdict form required the jury to apply the wrong causation test to its analysis of age discrimination; (3) the jury was not informed of the "clear and convincing evidence" standard applicable to punitive damages; and (4) the special verdict form should have, but did not, include a preliminary question to clarify the heightened evidentiary standard and additional elements required for an award of punitive damages. It is well-established that a new trial is appropriate where, as here, the jury received erroneous instructions on critical issues such as the proper burden of proof and causation

standard, and were similarly misled by questions in the special verdict form that framed the issues inaccurately.

In further support of its motion, C&W relies upon the memorandum of law filed herewith (which is incorporated herein by reference), upon the testimony offered by the witnesses at trial, and upon the exhibits introduced into evidence at trial.

For the reasons set forth herein, and in the memorandum of law filed herewith, C&W respectfully requests that this Court dismiss this action with prejudice pursuant to Fed. R. Civ. P. 12(b)(1), or, alternatively, Rule 12(h)(3) in the event that it finds subject matter jurisdiction to be lacking or, alternatively, order a new trial on Plaintiff's claim for age discrimination.

**REQUEST FOR ORAL ARGUMENT**

Pursuant to Local Rule 7.1(D), C&W respectfully requests oral argument on this motion for new trial.

Respectfully Submitted,

**CUSHMAN & WAKEFIELD, INC.,**

By its attorneys,

/s/ Benjamin M. McGovern
Robert R. Berluti, Esq. (BBO# 039960)
Edward F. Whitesell, Jr., Esq. (BBO# 644331)
Michael A. Bednarz, Esq. (BBO# 689047)
BERLUTI MCLAUGHLIN & KUTCHIN LLP
44 School Street, 9th Floor
Boston, MA 02108
Phone: 617-557-3030
Fax: 617-557-2939
rberluti@bmklegal.com
ewhitesell@bmklegal.com
mbednarz@bmklegal.com

Ralph T. Lepore, III, Esq. (BBO# 294420)
Benjamin M. McGovern, Esq. (BBO# 661611)
HOLLAND & KNIGHT LLP
10 Saint James Avenue, 11th Floor
Boston, MA 02116
Phone: 617-619-9210
Fax: 617-523-6850
ralph.lepore@hklaw.com
benjamin.mcgovern@hklaw.com

Date: May 25, 2017

## CERTIFICATE PURSUANT TO LOCAL RULE 7.1

The undersigned counsel for defendant hereby certifies that he has conferred with plaintiff's counsel, who has indicated that plaintiff does not assent to the relief sought in this motion.

/s/ Edward F. Whitesell, Jr.
Edward F. Whitesell, Jr.

**CERTIFICATE OF SERVICE**

I, Benjamin M. McGovern, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this 25th day of May, 2017.

/s/ Benjamin M. McGovern
Benjamin M. McGovern

Dated: May 25, 2017