UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| YURY RINSKY, | ) | |
| Plaintiff, | ) | |
| v. | ) | C.A. No. 16-10403 |
| CUSHMAN & WAKEFIELD, INC., | ) | |
| Defendant. | ) | |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S**
**RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW**

NOW COMES Plaintiff, Yury Rinsky ("Plaintiff"), by and through counsel, and hereby files this opposition to Defendant, Cushman & Wakefield, Inc.'s ("Defendant") Renewed Motion for Judgment as a Matter of Law ("Rule 50(b) Motion").

The Rule 50(b) Motion should be denied, particularly where the Court declined to enter judgment in favor of Defendant at summary judgment less than two weeks before trial. In doing so, the Court evaluated similar evidence as produced at trial, under the same legal standard—consideration of the motion in the light most favorable to the non-moving party—and the Court found sufficient evidence to move forward with trial. The Defendant merely seeks to reargue factual issues that the Court at summary judgment, and the fact finder at trial, did not find persuasive. The Rule 50(b) Motion should also be denied because it fails to raise viable legal issues and impermissibly asks the Court to weigh the evidence and rule in Defendant's favor with respect to causation. Defendant waived its argument on the weight of evidence regarding punitive damages by failing to raise it in the Rule 50(a) Motion.

The Rule 50(b) Motion should also be denied with respect to Defendant's subject matter jurisdiction argument, a repackaged Rule 12(b)(6) argument, which was waived both because it was not raised in Defendant's Rule 50(a) motion, and because it was not raised before the jury verdict. It is undisputed that the Court has diversity jurisdiction, which was in fact invoked by Defendant in removing the case from state court. Defendant is judicially estopped from arguing otherwise. In further support of this opposition, Plaintiff states as follows:

## I. BACKGROUND

Defendant sought to file a 30 page "consolidated" brief in support of both its Rule 50(b) Motion and Rule 59 motion, which Plaintiff objected to. The Court allowed Defendant to file a 20 page consolidated brief. Plaintiff objected to allowing Defendant extra pages for the very reason that in its Rule 50(b) Motion, Defendant attempts to conflate and confuse distinct issues. Despite Defendant's argument to the contrary, the law is clear that the Court may not weigh the evidence to enter judgment as a matter of law under Rule 50(b), and that the Court has subject matter jurisdiction, which was invoked by Defendant itself.

Accordingly, where the Rule 50(b) Motion may be disposed of strictly on procedural grounds as questions of law, a recitation of the relevant evidence at trial here is unnecessary.[1] To the extent that the Court believes that it must undertake a factual analysis of the arguments made in Defendant's Rule 50(b) Motion, Plaintiff expressly makes reference and incorporates herein the factual background and arguments in its opposition to Defendant's Rule 59 motion.

[1] Nevertheless, Plaintiff factually addressed Defendant's weight of the evidence argument, Document #76, Section II, and "discriminatory impact" argument relative to subject matter jurisdiction, Document #76, Section III, in its Opposition to Defendant's Rule 59 Motion for a New Trial and incorporates the factual background and arguments herein.

## II. STANDARD OF REVIEW

A movant seeking to set aside a jury verdict faces a "high bar." Lavin-McEleney v. Marist Coll., 239 F.3d 476, 479 (2d Cir. 2001). The Court should "uphold the jury's verdict unless the evidence points to one conclusion and one conclusion only: that the losing party was entitled to win." Goulet v. New Penn Motor Express, Inc., 512 F.3d 34, 44 (1st Cir. 2008). "[T]rial judges do not sit as thirteenth jurors, empowered to reject any verdict with which they disagree." Jennings v. Jones, 587 F.3d 430, 436 (1st Cir. 2009). The First Circuit has often emphasized that a "district judge cannot displace a jury's verdict merely because [s]he disagrees with it" or because a contrary verdict may have been equally supportable. Ahern v. Scholz, 85 F.3d 774, 780 (1st Cir. 1996).

"The standard for judgment as a matter of law under Rule 50 mirrors the standard for summary judgment under Rule 56." Reeves v. Sanderson Plumbing Prod., Inc., 530 U.S. 133, 151 (2000). Where summary judgment has been denied, "the district court cannot properly grant judgment as a matter of law on the basis of trial evidence that is not substantially different." Piesco v. Koch, 12 F.3d 332, 341-342 (2d Cir. 1993).

A jury verdict should be set aside under Rule 50 only where there is "such a complete absence of evidence supporting the verdict that the jury's findings could only have been the result of sheer surmise and conjecture," or where there is "such an overwhelming amount of evidence in favor of the movant that reasonable and fair minded [jurors] could not arrive at a verdict against [it]." Kosmynka v. Polaris Indus., Inc., 462 F.3d 74, 79 (2d Cir. 2006). In applying this standard, a court must not make credibility assessments and must view the evidence in the light most favorable to the non-moving party. See Tolbert v. Queens College, 242 F.3d 58, 70 (2d Cir. 2001); Gordon v. Matthew Bender & Co., 186 F.3d 183, 184

(2d Cir. 1999). Stated another way, the Court "must disregard all evidence favorable to the moving party that the jury is not required to believe." Reeves, 530 U.S. at 151.

"[A] renewed motion for judgment as a matter of law under Fed. R. Civ. P. 50(b) is bounded by the movant's earlier Rule 50(a) motion. The movant cannot use such a motion as a vehicle to introduce a legal theory not distinctly articulated in its close-of-evidence motion for a directed verdict." Correa v. Hosp. San Francisco, 69 F.3d 1184, 1196 (1st Cir. 1995). This rule is strictly and consistently enforced. See, e.g., Parker v. Gerrish, 547 F.3d 1, 12 (1st Cir. 2008); Larch v. Mansfield Mun. Elec. Dep't, 272 F.3d 63, 72 (1st Cir. 2001).

## III. ARGUMENT

### A. The Court May Not Weigh The Evidence On A Rule 50(b) Motion.

Defendant does not properly apply the law when seeking relief on its 50(b) Motion. The law is crystal clear that the Court may not weigh the evidence on a motion for judgment as a matter of law, and Defendant may not raise a new legal argument not argued in its motion under Rule 50(a). The Court declined to enter summary judgment in Defendant's favor based on the similar evidence that was introduced at trial two weeks later and is thus precluded from entering judgment here. The trial did not involve any substantially different evidence than presented at summary judgment, and Defendant never cited to any new and outcome-altering evidence. Accordingly, Defendant's Rule 50(b) Motion should be summarily denied.

#### 1. The Court May Not Weigh The Evidence As To Causation.

A challenge to the jury's determination concerning the proper weight afforded to the trial evidence is not a proper basis for a Rule 50(b) motion. It is a matter of black letter law that the Court "may not consider the credibility of witnesses, resolve conflicts in testimony, or evaluate the weight of the evidence." See Wartski v. Bedford, 926 F.2d 11, 14 (1st Cir. 1991) (emphasis

added), citing Miranda v. Munoz, 770 F.2d 255, 257 (1st Cir. 1985) and Wagenmann v. Adams, 829 F.2d 196, 200 (1st Cir. 1987). See also Zellner v. Summerlin, 494 F.3d 344, 370 (2d Cir. 2007) ("In considering a motion for judgment as a matter of law, the district court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence."). Furthermore, the jury had sufficient evidence to return a verdict in the Plaintiff's favor. Because Defendant's request for entry of judgment based on the evidence is improper under Rule 50(b), the Rule 50(b) Motion should be denied.

**2. The Court May Not Weigh The Evidence As To Punitive Damages[2], And Defendant Waived Its Argument By Failing To Assert The Same Under 50(a).**

As stated above, a motion under Rule 50(b) is not the proper vehicle to challenge the weight of the evidence. See, e.g. Wartski, 926 F.2d at 14. Beyond the fact that the Rule 50(b) Motion improperly asks the Court to weigh evidence with respect to punitive damages, Defendant did not move for judgment as a matter of law pursuant to Rule 50(a) as to Plaintiff's claim for punitive damages. Rather, it moved only with respect to causation. Accordingly, at least with respect to its Rule 50(b) Motion, Defendant has waived that defense. See, e.g. Correa, 69 F.3d at 1196. For this independent reason, the Rule 50(b) Motion should be denied.

**3. The Court Denied Summary Judgment Under The Same Standard and Similar Evidence Less Than Two Weeks Before Trial.**

On the eve of trial, Defendant was permitted to move for summary judgment. In that motion, Defendant made the same arguments that it does here: namely, Plaintiff was only

---

[2] Defendant requested that New York law be applied in this matter under a choice of law analysis. Plaintiff filed under Massachusetts law, which reserves the determination of multiple damages to the Court on age discrimination claims. New York law, on the other hand, allows the jury to consider and award punitive damages. Plaintiff agreed to apply New York law as long all as city statutes were considered. Defendant waived objection to New York law and cannot now ask the Court to change or limit the law when it was properly assessed by the Court on a choice of law analysis, which does not require amendment to prior pleadings.

terminated because he "attempted to self-engineer a transfer to Massachusetts without proper approval" and that age played no role in Defendant's decision. On Plaintiff's discrimination claims, the Court denied summary judgment less than two weeks before trial finding sufficient evidence to place in front of a jury. At trial, substantially the same evidence that was outlined in the summary judgment papers was presented by the parties. Defendant fails to point to anything that was different at trial from the evidence submitted at summary judgment. In these circumstances, the Court cannot properly grant judgment as a matter of law. See Piesco, 12 F.3d at 341-342. As a result, the Rule 50(b) Motion should be denied.

**B. The Court Should Reject Defendant's Subject Matter Jurisdiction Argument.**

It is beyond question that the Court has diversity jurisdiction, which in fact was invoked by Defendant itself. Defendant did not raise this argument in its Rule 50(a) motion, and therefore cannot raise it now, a point of law that the First Circuit has described as "crystal clear." Moreover, Defendant's argument is in actuality one for failure to state a claim, which was waived because it was not raised before or during trial. Defendant is also judicially estopped from disavowing the law it selected.

**1. It Is Undisputed That The Court Has Subject Matter Jurisdiction.**

As Defendant noted when it invoked the subject matter jurisdiction of this Court in its Notice of Removal from state court, there is complete diversity between the parties and "it is clear that the amount in controversy is in excess of $75,000" See Document 1, ¶¶ 4-12 and 28 U.S.C. § 1332. Jurisdiction is not defeated "by the possibility that the averments might fail to state a cause of action on which petitioners could actually recover." Bell v. Hood, 327 U.S. 678, 682 (1946). There is no dispute that subject matter jurisdiction exists, and therefore the Rule 50(b) Motion should be summarily denied.

**2. Defendant's Argument Was Not Raised In Its Rule 50(a) Motion.**

"A party may not base its motion for a judgment n.o.v. on a ground that was not argued in its motion for directed verdict." Systemized of New England, Inc. v. SCM, Inc., 732 F.2d 1030, 1035 (1st Cir.1984) (applying Fed. R. Civ. P. 50(b)); see also Sweeney v. Westvaco Co., 926 F.2d 29, 37 (1st Cir. 1991). In this regard, "the law is crystal clear." Perdoni Bros., Inc. v. Concrete Sys., Inc., 35 F.3d 1, 3 (1st Cir. 1994).

Here, Defendant raised only causation and "stray remarks" in its Rule 50(a) motion. It is crystal clear that Defendant may not now make its Rule 12(b)(6) argument, disguised as a Rule 12(h)(3) argument, in its Rule 50(b) Motion.[3] Therefore, the Rule 50(b) Motion should be denied.

**3. Defendant Improperly Disguises Its Waived 12(b)(6) Argument Under 12(h)(3).**

The reason why Defendant now attempts to challenge subject matter jurisdiction is clear: it failed to assert the defense of failure to state a claim either before or during trial, which is "fatal." See Brule v. Southworth, 611 F.2d 406, 409 (1st Cir. 1979). "While the above argument is presented as jurisdictional, it is plain that its underpinnings rest on the contention that plaintiff failed to state a claim on which relief could be granted." See id. and Fed. R. Civ. P. 12(b)(6). Similar to the defendants in Brule, Defendant seeks "to breathe new life into their waived defense of failure to state a claim by presenting it as a challenge to the court's subject matter jurisdiction the latter being an issue which, of course, neither the parties nor the court could waive." As the court in Brule held, there is "no merit in this approach," particularly where the Supreme Court "has taken pains to preserve the distinction between lack of subject matter

[3] Notably, while Defendant took pains and attempted to explain why it believes its argument with respect to punitive damages was not waived by virtue of its Rule 50(a) motion, it makes no efforts to do so with respect to its newly developed subject matter jurisdiction argument (nor could it).

jurisdiction and the failure to state a claim upon which relief can be granted. Id., citing Mt. Healthy City Board of Education v. Doyle, 429 U.S. 274, 278-79 (1977); Bell v. Hood, 327 U.S. 678, 682-83 (1946).

"Unlike a lack of subject matter jurisdiction—a defense that may be considered at any point in a judicial proceeding, *see* Fed. R. Civ. P. 12(h)(3),—the defense of failure to state a claim is normally waived if not raised 'at the trial on the merits' or before." Brown v. Trustees of Boston University, 891 F.2d 337, 357 (1st Cir. 1989). In Brown, because the defendant did not raise its 12(b)(6) argument "until after the jury reached its verdict, it waived its right to assert this defense." Id.

Similarly here, Defendant attempts to make a failure to state a claim argument under the guise of subject matter jurisdiction, an approach that has been expressly rejected by the First Circuit and Supreme Court. Defendant failed to make its argument concerning discriminatory "impact" anywhere before or during trial (including, as noted above, in its Rule 50(a) motion). The fact that Defendant's new attorneys have developed a new legal theory that was waived by trial counsel is not grounds to breathe life into the fatally waived defense.

**4. Defendant Is Judicially Estopped From Arguing Against Application of New York Law.**

Under the judicial estoppel doctrine, "where a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position." New Hampshire v. Maine, 532 U.S. 742, 742–43 (2001). "The purpose of the doctrine is to protect the integrity of the judicial process by prohibiting parties from deliberately changing positions according to the exigencies of the moment." Id. The factors relevant in the analysis include whether (1) a party's later position is clearly inconsistent with its earlier position; (2) the party has succeeded in persuading a court to

accept that party's earlier position, creating a perception that the court was misled; and (3) the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped.

Defendant has clearly changed its earlier position that it succeeded in persuading the Court to adopt, and seeks to impose an unfair detriment on Plaintiff which should be estopped. Initially, Plaintiff filed his complaint under Massachusetts law. Defendant, after claiming subject matter jurisdiction and removing to this Court, proceeded under Massachusetts law up to and including summary judgment. When its motion for summary judgment was denied, Defendant argued under a choice of law analysis that New York law should apply instead.[4] In response to Defendant's request for New York law, Plaintiff agreed with the choice of law selection and did not oppose the application of New York law, provided that New York City statutes were considered in the case. Defendant did not relinquish its request for New York law, but instead used the opportunity to effectively move again for summary judgment under New York law as to Plaintiff's common law claims, which the Court granted. Notably, Defendant did not seek dismissal of Plaintiff's discrimination claims under New York law, even though it understood the Court would also apply New York City law to the case, and is only doing so now because it lost at trial.

---

[4] In its Trial Brief in Support of the Application of New York Law, Defendant stated as follows: "The undisputed facts establish the it is New York law that should apply to this case….C&W is a corporation organized and existing under the laws of New York with its principal executive office located at 1290 Avenue of the Americas in New York City ("New York Headquarters"). It does not do business in Massachusetts, and indeed is not registered to do so with the Commonwealth….The only connection that Massachusetts has to this case is the fact that Plaintiff chose to move there, and did so. New York has the most significant relationship to the case." See Document 45, pp. 2-3.

Defendant sought application of New York law to preclude recovery of punitive damages and attorneys' fees. Whether it was ignorant of the fact or attempting to intentionally mislead the Court, Defendant failed to address the New York City Human Rights Law ("NYCHRL"), which is applicable to employees working in New York City. The NYCHRL, available to Plaintiff who worked in New York City, does in fact allow for uncapped punitive damages and attorneys' fees. When this was brought to light, Defendant attempted to wiggle out of its assertion concerning New York law by making legally unsupported reference to analogous state statutes. Defendant did this knowing that Massachusetts law allows for punitive type damages under state law, and so the Defendant always had notice that punitive damages or treble damages would be sought in the action. It now argues, however, that Plaintiff could not claim under any New York law, state or city, and therefore implicitly argues that his only claims could have been under Massachusetts law,[5] directly contrary to Defendant's earlier position.

Defendant's assertion throughout the case and at trial was that New York law applied because the Plaintiff was always a New York City employee whose job was always in New York City. Defendant is estopped from changing its argument in order to avoid the jury's verdict.

[5] Defendant's argument concerning analogous law is specious. Essentially, Defendant argues that because Plaintiff brought his claims under state anti-discrimination law, he is only permitted, after Defendant's choice of law motion was allowed, to bring claims under the analogous New York State statute. Even if that argument carried any weight (which it does not), at the time of his termination, Plaintiff was living in Winchester, Massachusetts, which does not have a city law protecting employees from discrimination. Quite simply, there was no analogous city law to claim under, and thus Plaintiff proceeded under the only state law available to him. It is unfathomable that an employee who is allowed to claim under the broader NYCHRL would choose to eschew that option in favor of the more restrictive state law. Even though Plaintiff would have been happy to proceed under Massachusetts law, once Defendant opened the door to New York law, each and every New York law available to Plaintiff was fair game.

### C. There Was Ample Evidence To Support The Jury's Verdict

As stated above, the weight of the evidence cannot be considered here. Nevertheless, there was ample evidence for the jury to return its verdict in favor of Plaintiff, including, as detailed in Plaintiff's opposition to Defendant's Rule 59 motion, witness testimony from Plaintiff, Katrina Hicks, Leif Maiorini and Colin Reid, and numerous exhibits at trial, including an email detailing Defendant's plan to terminate Plaintiff before he even left the New York City office. In these circumstances, where the jury's assessment of credibility is often the determining factor in finding discriminatory intent, courts considering employment discrimination cases under New York law have been loath to override jury verdicts. See, e.g. EEOC v. Ethan Allen, Inc., 44 F.3d 116, 120 (2d Cir. 1994) (question of discriminatory termination "better left for the jury to resolve"); Malarkey v. Texaco, Inc., 983 F.2d 1204, 1213 (2d Cir. 1993)(affirming denial of defendant's JNOV motion where jury's findings for plaintiff "were not irrational"); Benjamin v. United Merchants and Mfrs., Inc., 873 F.2d 41, 43 (2d Cir.1989) (affirming denial of defendant's JNOV motion because it was "clear that there was ample evidence for the jury to have found that [defendant's] asserted reason for firing [plaintiff] … was pretextual"). Similarly here, the Court should deny Defendant's Rule 50(b) Motion.

## IV. REQUEST FOR RELIEF

WHEREFORE, for the reasons stated herein, Plaintiff, Yury Rinsky respectfully requests that this Honorable Court DENY Defendant, Cushman & Wakefield, Inc.'s Renewed Motion for Judgment as a Matter of Law.

Respectfully submitted,
**YURY RINSKY,**
By his attorneys,

/s/Mark D. Szal
Mark D. Szal, BBO#667594
**SZAL LAW GROUP LLC**
589 Tremont Street, Suite 4
Boston, Massachusetts 02118
Tel: (617) 830-2494
mark@szallawgroup.com

/s/John W. Dennehy
John W. Dennehy, P.C. BBO#658247
DENNEHY LAW
127 Main Street, Suite 1
Nashua, NH 03060
(603) 943-7633
(603) 943-7642 (Fax)
jdennehy@dennehylaw.com

DATE: June 8, 2017

**Certificate of Service**

I, Mark D. Szal, hereby certify that on June 8, 2017, a true and correct copy of this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

/s/Mark D. Szal