UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| YURY RINSKY,<br><br>Plaintiff,<br><br>v.<br><br>CUSHMAN & WAKEFIELD, INC.,<br><br>Defendant. | ) | C.A. No. 16-10403<br><br>Leave to File Granted on June 26, 2017 |

**PLAINTIFF, YURY RINSKY'S SUR-REPLY**

NOW COMES Plaintiff, Yury Rinsky ("Plaintiff"), by and through counsel, and hereby files this Sur-Reply. The law is clear that Defendant cannot challenge the Court's diversity jurisdiction that it invoked, and similarly cannot argue for application of Massachusetts law based on its own choice of law position. Defendant is estopped from playing "fast and loose" with the Court in making ongoing and contradictory legal arguments. The jury did not make any factual findings and only returned a general verdict on liability and damages, with Defendant never proposing special questions with respect to discriminatory impact. Further, the jury award demonstrates that damages were proper to support diversity jurisdiction. In its Reply Memorandum, Defendant also now concedes that the "but for" causation standard is not correct for claims under the New York City Human Rights Law ("NYCHRL"), and that the Court was correct to predict, it its discretion, what standard of proof for punitive damages was proper.

## I. BACKGROUND

A brief summary of Defendant's procedural positions during this lawsuit is instructive: (1) Defendant removed the lawsuit from Massachusetts state court invoking diversity jurisdiction; (2) Defendant moved for summary judgment under Massachusetts law, which was

denied; (3) Defendant then sought application of New York law; (4) the Court applied New York law, dismissed Plaintiff's common law claims, and allowed his discrimination claims to go to trial under the NYCHRL; (5) the jury returned a verdict for Plaintiff on his age discrimination claim under the NYCHRL; and (6) Defendant now argues that there was no diversity jurisdiction and that Massachusetts law should have applied.

## II. ARGUMENT

### A. Jurisdiction Is Based On Diversity Which Is Unquestionably Satisfied

Defendant's argument is based on a fundamental misunderstanding of diversity jurisdiction in federal court.[1] All that is required is complete diversity and an amount of controversy greater than $75,000. Both are undisputed: Plaintiff resides in Massachusetts and Defendant is in New York City, and the amount in controversy greatly exceeded $75,000. Defendant's argument is not based on jurisdiction, but rather choice of law, which would not vitiate diversity jurisdiction regardless.

### B. Defendant Is Estopped From Challenging The Jurisdiction It Invoked

While it may be true that the defense of subject matter jurisdiction may not be waived, a party is estopped from arguing against subject matter jurisdiction it invoked itself. For more than 130 years, the United States Supreme Court has held that a party who initiates removal based on diversity jurisdiction is estopped from later objecting to such jurisdiction. See Ayers v. Watson, 113 U.S. 594, 599 (1885) ("And since the removal was effected at the instance of the party who now makes the objection, we think that he is estopped."). Accord Gerling v. Baltimore & O.R.

[1] Defendant's significant reliance on Hoffman is misplaced, which involved a state court action and did not involve federal diversity jurisdiction.

Co., 151 U.S. 673, 691 (1894) (whether case is removable "is an objection which may be waived, and that it has been waived in the case at bar.").

Here, subject matter jurisdiction could never have been asserted as a defense where Defendant was the party that removed the action. Defendant, of course, could not and would not assert a defense as to its own removal petition. As a practical matter, allowing the relief Defendant seeks would allow parties to choose the court and law that they wish, proceed all the way through trial, and if they lose, ask for a "do-over" in a different court under different law. That is certainly not consistent with the principles of judicial integrity and fundamental fairness. Accordingly, Defendant's motions should be denied where it is estopped from challenging the diversity jurisdiction it invoked.

**C. The Jury Did Not Make Factual Findings Concerning Impact**

The thrust of Defendant's argument appears to be that subject matter jurisdiction was proper up until the time it lost at trial. It claims that the "jury's verdict eliminated subject matter jurisdiction over the NYCHRL claim." First, the jury did not make any factual findings as alleged by Defendant, nor was it asked to. It was asked to answer a liability question by returning a "yes/no" verdict on Plaintiff's discrimination claims with a check mark, and award damages. See Document 60. This is all that the jury did and all it was asked to do. Second, Defendant is attempting to set up a "heads I win, tails you lose" coin flip situation for itself. If it had won, Defendant would have accepted jurisdiction and application of New York law that it requested. Because it lost, Defendant asserts the Court does not have jurisdiction and Massachusetts law must apply. As noted below, principles of estoppel, designed to safeguard the integrity of the judicial process, prevent Defendant from employing this unfair tactic. See New Hampshire v. Maine, 532 U.S. 742, 749-751 (2001). Moreover, Defendant did not ask for the jury to determine

where the discriminatory "impact" was felt. Defendant does not identify any factual finding that the jury made or explain how the jury could have returned a verdict for Plaintiff where the impact would have been felt in New York City. In other words, Defendant does not identify any circumstance by which it could have lost at trial with jurisdiction being proper.

**D. Defendant Is Estopped From Arguing That Massachusetts Law Should Apply**

Under Defendant's "impact" theory, it implicitly argues that Massachusetts law should have applied in this case because the impact of the discrimination was supposedly felt in Massachusetts. This is clearly inconsistent with Defendant's earlier position, which the Court accepted. See Document 45.[2] Allowing Defendant to again play "fast and loose" with the Court would be improper, and would grant Defendant an unfair advantage. See Perry v. Blum, 629 F.3d 1, 8 (1st Cir. 2010). Judicial estoppel is proper here where Defendant's "intentional self-contradiction is being used as a means of obtaining unfair advantage in a forum provided for suitors seeking justice." Patriot Cinemas, Inc. v. Gen. Cinemas Corp., 834 F.2d 208, 212 (1st Cir. 1987) (citation omitted).

**E. Defendant Now Concedes "But For" Causation Is Not The NYCHRL Standard**

Defendant was clearly aware that the Court was applying the NYCHRL at trial after Defendant requested New York law be applied in the case, and after Plaintiff chose to forego further argument on choice of law by agreeing with Defendant as long as the NYCHRL applied. Despite this, Defendant encouraged the Court to apply a "but for" causation standard that it now admits is improper. The trial record speaks for itself on this issue. Where Defendant now admits

[2] Notably, Defendant used its choice of law memorandum to argue that common law claims should be dismissed, which the Court accepted. It did not do so with respect to the discrimination claims based on discriminatory impact. This is because the necessary result would have been application of Massachusetts law, which Defendant was seeking to avoid under the mistaken belief that New York law did not provide for recovery of punitive damages and attorneys' fees.

(as it must) that "but for" is not the standard under the NYCHRL, its argument concerning improper instructions in this regard may be disposed of summarily.

### F. Defendant Now Concedes That The Court Had Discretion To Predict The Punitive Damages Standard

Despite that fact that in its Consolidated Memorandum Defendant took the position that the Court must apply the law of the First and Second Department without analysis, it now concedes (as it must) that the Court was correct in attempting to predict how the split in authority would ultimately be resolved. See, e.g. Travelers Ins. Co. v. 633 Third Associates, 14 F.3d 114, 119 (2d Cir. 1994) ("the job of the federal courts is carefully to predict how the highest court of the forum state would resolve the uncertainty or ambiguity."). Defendant's argument that the Court was wrong in its prediction is unavailing, where it focuses on the locus of accidents in negligence matters, as opposed to an analogous claim under the NYCHRL in Greenbaum. In any event, Defendant points to nothing that would suggest that the Court abused its wide discretion in conducting what is admittedly an imprecise task and issuing reasoned instructions.

### G. Nothing In Defendant's Reply Changes The Weight Of Evidence Analysis

Other than providing a spreadsheet of citations omitted in its Consolidated Memorandum, Defendant's Reply does not offer anything new that would address the arguments in Plaintiff's oppositions. Plaintiff has put forth ample evidence supporting the jury's verdict, and the jury verdict should not be overturned based on Defendant attempting to dispute facts in post-trial motions. Accordingly, any further argument in this regard is unnecessary.

## III. REQUEST FOR RELIEF

WHEREFORE, for the reasons stated herein, Plaintiff, Yury Rinsky respectfully requests that this Honorable Court DENY Defendant, Cushman & Wakefield, Inc.'s Motion for Judgment as a Matter of Law and Motion for a New Trial.

Respectfully submitted,
**YURY RINSKY,**
By his attorneys,

/s/Mark D. Szal
Mark D. Szal, BBO#667594
**SZAL LAW GROUP LLC**
589 Tremont Street, Suite 4
Boston, Massachusetts 02118
Tel: (617) 830-2494
mark@szallawgroup.com

/s/John W. Dennehy
John W. Dennehy, P.C. BBO#658247
DENNEHY LAW
127 Main Street, Suite 1
Nashua, NH 03060
(603) 943-7633
(603) 943-7642 (Fax)
jdennehy@dennehylaw.com

DATE: June 27, 2017

**Certificate of Service**

I, Mark D. Szal, hereby certify that on June 27, 2017, a true and correct copy of this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

/s/Mark D. Szal