UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| YURY RINSKY, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * |
| | * Civil Action No. 16-cv-10403-ADB |
| CUSHMAN & WAKEFIELD, INC., | * |
| | * |
| Defendant. | * |
| | * |

## MEMORANDUM AND ORDER ON
## PLAINTIFF'S MOTION FOR ATTORNEYS' FEES

BURROUGHS, D.J.

Plaintiff Yury Rinsky brought this case against Defendant Cushman & Wakefield, Inc., his former employer, alleging that Defendant discriminated against him based on his age and disability. Plaintiff brought his claim pursuant to the New York City Human Rights Law ("NYCHRL"), which prohibits many forms of discrimination, including forbidding employers from discriminating based on age or disability. N.Y.C. Admin. Code § 8-107. After a five-day jury trial, on April 14, 2017, the jury returned a verdict finding that Plaintiff's age was a substantial factor in Defendant's decision to terminate him, but that Plaintiff's disability, if any, was not a substantial factor in the decision to terminate. [ECF No. 60]. The jury awarded Plaintiff $290,000 in back pay, $135,000 in front pay, $850,000 in punitive damages, and nothing for emotional distress, resulting in a total award of $1,275,000. Id. On March 7, 2018, the Court denied Defendant's motions for judgment as a matter of law and for a new trial [ECF No. 94], and Defendant subsequently filed a notice of appeal [ECF No. 99]. Now before the Court is Plaintiff's motion for attorneys' fees, costs, and interest. [ECF No. 95]. For the reasons set forth below, the motion is granted in part and denied in part.

Under the NYCHRL, the Court "may award the prevailing party reasonable attorney's fees, expert fees and other costs." N.Y.C. Admin. Code § 8-502(g). "A district court has 'considerable discretion' in determining what constitutes a reasonable fee award." Congregation Rabbinical Coll. of Tartikov, Inc. v. Village of Pomona, 188 F. Supp. 3d 333, 337 (S.D.N.Y. 2016) (quoting Arbor Hill Concerned Citizens Neighborhood Ass'n v. City of Albany, 522 F.3d 182, 190 (2d Cir. 2008)). Calculation of "the lodestar—the product of a reasonable hourly rate and the reasonable number of hours required by the case—creates a 'presumptively reasonable fee.'" Millea v. Metro-N. R.R. Co., 658 F.3d 154, 166 (2d Cir. 2011) (quoting Arbor Hill Concerned Citizens Neighborhood Assoc. v. County of Albany, 522 F.3d 182, 183 (2d Cir. 2008)). "The presumptively reasonable fee boils down to 'what a reasonable, paying client would be willing to pay,' given that such a party wishes 'to spend the minimum necessary to litigate the case effectively.'" Simmons v. N.Y.C. Transit Auth., 575 F.3d 170, 174 (2d Cir. 2009) (internal quotation marks and citations omitted). In evaluating what a reasonable client would pay, the Court must consider twelve factors:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

Arbor Hill, 522 F.3d at 186 n.3 (citing Johnson v. Ga. Highway Exp., Inc., 488 F.2d 714, 717–19 (5th Cir. 1974), abrogated on other grounds by Blanchard v. Bergeron, 489 U.S. 87 (1989)).[1] The fee applicant bears "the burden of documenting the hours reasonably spent by counsel, and the

---

[1] Here, the Court has considered the twelve Johnson factors, and determined that the lodestar reflects a reasonable fee award given the particular nature and circumstances of this case.

2

reasonableness of the hourly rates claimed." Beastie Boys v. Monster Energy Co., 112 F. Supp. 3d 31, 48 (S.D.N.Y. 2015) (internal quotation marks and citation omitted). "[T]here is no precise rule or formula" for determining a proper attorney's fees award;" instead, a district court must exercise its "equitable discretion" in light of all the factors to be considered. GMA Accessories, Inc. v. Olivia Miller, Inc., 139 F. App'x 301, 304 (2d Cir. 2005) (quoting Fogerty v. Fantasy, 510 U.S. 517, 534 (1994)).

As an initial matter, Defendant argues that the underlying judgment is invalid, and thus, it cannot serve as the basis for an award of attorneys' fees. Defendant contends that the Court lacks jurisdiction to consider Plaintiff's claim under the NYCHRL because the impact of the alleged discrimination was felt in Massachusetts, not New York, and further, that Plaintiff waived his NYCHRL claim because he did not plead a non-existent Massachusetts city claim in his complaint. The Court has already conducted a comprehensive evaluation of these arguments and found them wanting, as discussed in its March 7, 2018 Memorandum and Order Denying Defendant's Post-Trial Motions [ECF No. 94]. Defendant acknowledges that these arguments are raised primarily for the purpose of preserving its rights on appeal, and thus, no further discussion is warranted.

Turning to the merits of the motion for attorneys' fees, Defendant asserts that the Court should reduce the amount sought by Plaintiff by 30% due to block billing and excessive time dedicated to conversations between co-counsel.[2] Plaintiff was represented by two attorneys, Mr.

---

[2] Defendant has not challenged the hourly rates of $350 for Mr. Szal and $400 for Mr. Dennehy. This Court recently determined that $400 per hour is a reasonable rate in this district for a "straightforward" civil rights case. Ciolino v. Eastman, No. 13-cv-13300-ADB, 2016 WL 6246757, at *2 (D. Mass. Oct. 25, 2016) (citing Meagher v. Andover Sch. Comm., No. 13-11307-JGD, 2016 WL 70447, at *8 (D. Mass. Jan. 6, 2016) (holding that "the prevailing rate for experienced lead counsel in straightforward civil rights cases such as the one before this court is in the range of $400 per hour")).

3

Szal and Mr. Dennehy. Mr. Szal's records reflect extensive block billing, but few conversations with co-counsel, while Mr. Dennehy rarely engaged in block billing, but frequently recorded time spent speaking with co-counsel.

Second Circuit case law concerning block billing provides only limited guidance as to whether a reduction for block billing is appropriate, "as some authorities impose fee reductions based on this practice, and others find the practice tolerable." United States v. Sixty-One Thousand Nine Hundred Dollars & No Cents, 856 F. Supp. 2d 484, 490 (E.D.N.Y. 2012) (comparing Miroglio S.P.A. v. Conway Stores, Inc., 629 F. Supp. 2d 307, 314 (S.D.N.Y. 2009), with Rodriguez ex rel. Kelly v. McLoughlin, 84 F. Supp. 2d 417, 425 (S.D.N.Y. 1999)). "The key question is whether the court, upon review of all the time entries, can determine whether the total amount of time was reasonable considering all of the activities undertaken." Id. (further explaining that "no lawyer is going to actually make a notation every six minutes as to what he [or she] did that last six minutes," and thus, "some level of reconstruction and approximation is unavoidable"). In general, courts make reductions for block billing where:

> (1) there is reason to believe that the hours billed were independently unreasonable;
> (2) the block billing involved aggregating tasks that were not all compensable; or
> (3) the number of hours block billed together was so high (such as five hours or more) so as to create an unacceptable risk that the aggregated total exceeded the reasonable hours worked on compensable tasks.

Benihana, Inc. v. Benihana of Tokyo, LLC, No. 15 CIV. 7428 (PAE), 2017 WL 6551198, at *3 (S.D.N.Y. Dec. 22, 2017).

In this case, virtually all of Mr. Szal's hours are block billed. On only a handful of days did he create separate entries for separate tasks. At the same time, however, on many days he billed less than two hours, allowing the Court to easily evaluate the reasonableness of the hours billed. Beginning in February 2017, two months before trial, Mr. Szal began devoting more time

4

to the case, and at that point, his entries frequently exceed five hours per day. Mr. Szal billed a total of 295.8 hours in entries that consist of five or more hours at once. As the practice of block billing is disfavored, the Court will apply a five percent reduction to those entries, resulting in a reduction of 14.8 hours from Mr. Szal's total hours expended on this case. Although a reduction is warranted given the block billing, only a slight reduction is necessary here, where Mr. Szal's proposed hourly rate and requested fee are both very reasonable overall. See Kerr v. John Thomas Fin., No. 14-cv-9168, 2017 WL 435826, at *10 (S.D.N.Y. Jan. 31, 2017), report and recommendation adopted as modified, No. 14-CV-9168 (KBF), 2017 WL 1609224 (S.D.N.Y. May 1, 2017) (applying 5% reduction for block billing, and citing other cases also applying a 5% reduction); Pilitz v. Inc. Vill. of Freeport, No. CV 07-4078 (ETB), 2011 WL 5825138, at *6 (E.D.N.Y. Nov. 17, 2011) (reducing certain attorneys' hours by 5% due to block billing).

Next, Defendant objects to the amount of time Mr. Dennehy billed for conversations with co-counsel. Defendant correctly points out that district courts within the Second Circuit will reduce a fee award where counsel spent an excessive amount of time conferencing or coordinating with co-counsel. See ACE Ltd. v. CIGNA Corp., No. 00 CIV. 9423 (WK), 2001 WL 1286247, at *5 (S.D.N.Y. Oct. 22, 2001) (explaining that a fee reduction is appropriate for "over-staffing, excessive hours, and office conferences"); Motown Record Co., L.P. v. Motown Beverage Co. of Ohio, No. 96 CIV. 4785 (LAP), 2001 WL 262587, at *3 (S.D.N.Y. Mar. 14, 2001), aff'd as modified, 28 F. App'x 107 (2d Cir. 2002) (reducing hours billed by 10% due to excessive time spent coordinating efforts of multiple attorneys). Similarly to Mr. Szal's hours, the Court determines that a reduction in hours is warranted, but because the hours Mr. Dennehy spent conferencing with co-counsel are not excessive or egregious, only a 5% reduction is warranted. Approximately 133.3 of the hours billed by Mr. Dennehy included conversations with

co-counsel, so by applying the 5% reduction to those hours, the total number of hours is reduced by 6.7 hours.

Therefore, the Court calculates the lodestar amount as follows: for Mr. Szal, 481.5 hours at a rate of $350 per hour, for a total of $168,525; and for Mr. Dennehy, 277.1 hours at a rate of $400 per hour, for a total of $110,840.

Lastly, Defendant has not objected to the bill of costs provided by Plaintiff [ECF No. 96] or to the expenses submitted by Mr. Szal and Mr. Dennehy [ECF Nos. 95-1, 95-2].[3] The Court has reviewed these expenses and determined that they are reasonable. Plaintiff also seeks prejudgment interest on the award of back pay, which Defendant has also not specifically opposed, aside from its arguments as to why Plaintiff cannot prevail on his NYCHRL claim. Courts have determined that a plaintiff who obtains an award of back pay on a NYCHRL claim is entitled to prejudgment interest on that portion of the award. Sass v. MTA Bus Co., 6 F. Supp. 3d 238, 258-59 (E.D.N.Y. 2014); see also Insinga v. Cooperatieve Centrale Raiffeisen Boerenleenbank B.A., 478 F. Supp. 2d 508, 512 (S.D.N.Y. 2007) (applying statutory interest rate of 9 percent to award of back pay under NYCHRL); McIntyre v. Manhattan Ford, Lincoln–Mercury, Inc., 176 Misc.2d 325, 672 N.Y.S.2d 230, 236–37 (N.Y. Sup. Ct. 1997) (same). Under New York law, "[i]nterest shall be at the rate of nine per centum per annum, except where otherwise provided by statute." N.Y. C.P.L.R. 5004 (McKinney 2018). Interest "should be calculated from a single reasonable intermediate date, which would be the date halfway between the date the plaintiff was first deprived of a paycheck and the date of the verdict." Sass, 6 F. Supp. 3d at 259 n.13 (internal quotation marks and citation omitted). Here, Defendant terminated

---

[3] The bill of costs reflects a total of $4,992.30 in taxable costs, while Mr. Szal submitted additional non-taxable costs totaling $997.58, and Mr. Dennehy's non-taxable costs amounted to $652.89.

Plaintiff on July 10, 2015, and the jury returned its verdict in Plaintiff's favor on April 14, 2017, so the intermediate date between his date of termination and the verdict is May 27, 2016. Therefore, Plaintiff is entitled to interest on the back pay portion of the verdict at a rate of nine percent per annum from May 27, 2016 through the date of judgment.

Accordingly, Plaintiff's motion for attorneys' fees, costs, and interest [ECF No. 95] is GRANTED in part and DENIED in part. Plaintiff is hereby awarded $279,365 in attorneys' fees, $6,642.77 in costs, and interest on the back pay portion of the verdict at a rate of nine percent per annum from May 27, 2016 through the date of judgment.

**SO ORDERED.**

September 5, 2018 /s/ Allison D. Burroughs
ALLISON D. BURROUGHS
U.S. DISTRICT JUDGE